MESSER v. REGINNITTER.

1. Evidence: EXPERTS: SURVEYOR. In a contest as to the true location of lines between adjacent lot owners, a practical surveyor, who has made an actual survey and plat of the lots, may give in evidence his opinion as to the correctness of such plat, and may state the result of his survey as to the location of the lines, and of buildings and fences on the lots with reference to such lines.

2. Adverse possession: STATUTE OF LIMITATION: RIGHT OF ENTRY. A roving possession from one part of a tract of land to another will not bar the right of entry of the owner upon any part which has not been held adversely for the statutory period.

3. Conveyance: DISPUTED LINES. In deciding which is the true line between adjacent lots in a controversy between the owners respecting the same, stakes or monuments pointed out at the time of the purchase as the true corners by the person who laid out or platted the lots will not govern in preference to an actual survey subsequently made.

4. Instruction: ERROR WITHOUT PREJUDICE. The refusal of an instruction, which, though abstractly correct, is not applicable to the facts as disclosed by the testimony, or which could have worked no prejudice to the party complaining, is no sufficient ground for reversal.

*Appeal from Scott Circuit Court.*

FRIDAY, JULY 28.

ACTION of right for a slip of ground alleged to constitute a part of lot 3, block 27, in the city of Davenport, being upon the east side thereof, and eighteen inches wide at the south end, and two feet wide at the north end.

Answer in denial, and a plea of the statute of limitations. Trial by jury. Verdict for plaintiff, of which he remitted part, so as to claim a strip seventeen inches wide at the south end and nineteen inches wide at the north end.

Motion for new trial overruled. Defendant appeals. The necessary facts are stated in the opinion.

*Brown, Campbell & Sully* for the appellant.

*Bills & Block* for the appellee.

DAY, Ch. J.—I. During the trial, the plaintiff introduced as a witness Thomas Murray, who testified as

1. EVIDENCE: experts: surveyor.

follows: "I am a surveyor; I am the city engineer of the city of Davenport, and county surveyor." The witness then examined a plat which was produced, and said: "It represents block 27, in the city of Davenport; the lines represent the lots; I first made the survey September 9, 1869; I made this plat afterward; I know the property of Marx Messer and Mr. Reginnitter." The witness then described the plat to the jury by showing the lines. Thereupon, the plaintiff asked, "What is the result as to the lines between Messer and Reginnitter, if your survey is correct?" The defendant objected to this question as immaterial, incompetent and calling for the opinion of the witness as to the location of the lines, without showing the facts upon which the opinion is founded. The objection being overruled, the witness answered: "Mr. Reginnitter's fence would be nineteen inches upon lot 3." Plaintiff then asked: "Is that plat correct, according to your survey?" The defendant interposed the same objection as to the last interrogatory, which was overruled, and the witness answered: "Correct, according to the survey which I made." Plaintiff further asked: "How do Reginnitter's fence and house, on the east line, compare with the true lines of the lot?" A like objection of the defendant to this interrogatory was overruled, and the witness answered: "They are twenty-two inches west of the west line of Brown street." These various rulings of the court were duly excepted to, and are now assigned as error. They constitute no error. The witness was a practical surveyor, and had made an actual survey of the lots in dispute. It

was proper for him to state the result of this survey. Otherwise, the testimony of a surveyor would be of little practical utility. Having made a survey and drafted a plat, which he exhibited before and explained to the jury, it was competent for him to state his opinion as to the correctness of the plat. And, having determined the lines of Reginnitter's lot, he was certainly competent to state the location of the house and fence thereon, with reference to such lines.

Upon cross-examination, defendant's counsel asked : " Is it not true that all you have testified to, as to the lines of these lots, is based upon what the record calls for ?" To which the witness answered: " Yes ; I based it upon the records, but I made an actual survey and measurement for the plat I made." Thereupon, defendant's counsel moved the court to strike out and withdraw from the jury all of the witness' testimony relating to his survey and plat, for the reasons before given, and that it appears to be based upon what ought to be proved by record. The motion was properly overruled. It was proper to prove the result of the survey, although resort was had to the records for data from which to make it.

II. The plaintiff, having testified in his own behalf, was asked on cross-examination the following question : " Did not Lorenzen claim of you eighteen inches, and did you not give it up to him ?" This question was objected to as immaterial, and excluded. This ruling is the next error alleged. The materiality of the inquiry is not apparent. We do not perceive in what manner the plaintiff's right to the land in controversy can be affected by showing that he had conceded the claim of another to a different strip. It may be relevant, but the record does not show it to be so.

III. At the instance of plaintiff the court instructed the jury that " a roving possession from one part of a tract of land to another cannot bar the right of entry of the owner upon any part of the land which had not been held

adversely for the statutory time * * * ." It is objected by defendant that this instruction is inapplicable to the

2. ADVERSE POSSESSION: statute of limitations: right of entry.

facts; that no roving possession was shown. There was evidence tending to show that the posts of the fence originally built had rotted off; that the fence leaned, and was supported by props; that it had been rebuilt, not in the exact place where it originally stood, and leaving it in doubt whether the fence now on the lot stands in the place of that built by the first owner. The evidence in our opinion justified the instruction.

IV. The defendant asked the court to give the jury the following instruction: "As to the question as to what is

3. CONVEYANCE: disputed lines.

the true line, you are instructed that monuments or stakes placed at the time of the purchase of lot from those who laid out the same, and pointed out by the seller to the buyer, as the true monuments or stakes indicating the corners of the land, are to be considered by you as evidence of the true corners, stronger than measurements made many years after, especially if the lines have been acquiesced in for many years." The instruction was refused. The defendant excepted, and now assigns the ruling as error. In our judgment it was correct. That fixed monuments govern courses and distances is conceded. But this instruction does not refer to fixed monuments. It speaks of monuments or stakes placed at the time of the purchase of the lot from those who laid out the same, and *pointed out by the seller to the buyer as the true monuments or stakes indicating the corners of the land.* And the court is asked to instruct the jury that such stakes are to be considered as evidence of the true corners, stronger than measurements made many years after. Under such an instruction, stakes driven at random, the day before the sale, by the person laying out the lot, and by him pointed out to the purchaser as the true corners, would be stronger evidence of the corners than a survey made many years

afterward, without regard to the correctness of the survey. Such a proposition needs no refutation.

V. The court refused to instruct that : "If the jury find from the evidence that the surveyor, whose testimony and plat have been before them, did not com-

**4. INSTRUCTION: error without prejudice.**

mence his survey at a point established by evidence as a true point, or admitted by the parties to be a true point, then the evidence, survey and plat are to be considered as of little or no weight in this cause." Abstractly considered, this instruction is undoubtedly correct. And yet we cannot see that the defendant was prejudiced by its refusal. We do not in the record discover evidence from which the jury could have found *that the surveyor did not commence his survey at a point established by evidence as a true point, or admitted by the parties to be a true point.* It is shown that the survey was based upon the records. A party alleging error to his prejudice must show it affirmatively. See cases cited in Dillon's Digest, page 419.

VI. The defendant asked the court to charge the jury that : " Where lines between adjoining owners have been acquiesced in for a great number of years by the parties in interest, this is to be considered as a strong circumstance by the jury, to show that the line acquiesced in was the true line." The court gave the instruction modified by striking out the words *" as a strong circumstance "* and inserting the words *" evidence tending."* To this modification the defendant excepted. The action of the court does not appear to us erroneous. The jury were allowed to consider the circumstance as evidence. The degree of weight to be given to it would depend upon all the facts proved, and could not properly be controlled by the court.

The sixth, ninth and tenth instructions asked by defendant were substantially given in the second and fourth of defendant, and the third of the court.

VII. Lastly, it is insisted that there is no sufficient

evidence to support the verdict. We think otherwise. There was evidence tending to show that Weigland, who bought lot 4 from the original proprietor, erected a house thereon a foot or so west of the east line fence. That the house now stands on the line of Brown street. That opposite lot 4, Brown street, is 81 feet and 10 inches wide, while north, on Sixth street, it is only 80 feet wide. That the division fence between lots 3 and 4 rotted down, and was for a time supported by props. That the fence was rebuilt not in the place where it originally stood, etc. From which, we think, the jury might reasonably conclude that Brown street had encroached upon lot 4, and that the owner of lot 4 had made up his loss by extending his possessions westward upon lot 3. At all events, we do not find such lack of evidence to support the verdict, as to authorize a reversal upon that ground.

Affirmed.