F. W. CHANDLER ET AL. v. JOSEPH C. RUSHING.

1. For possession of land to be made available, under the plea of limitation, it must be an unbroken possession for the full period.

2. If possession of land be broken before the period necessary to give limitation to a defendant is complete, it requires no privity in blood or estate between the plaintiff and the one who ousted the possession of defendant, to give the former the advantage of the ouster.

3. He who is in possession of land with improvements and enclosures holds actual possession of that portion within his enclosures ; but if, at the same time, he holds under a deed, the deed gives him constructive possession of all the land embraced in the deed.

4. When one ceases to have actual possession of land, by sale of the improved portion, or otherwise, he loses his constructive possession of the remainder.

APPEAL from Ellis.    Tried below before the Hon. Hardin Hart.

This appeal is from the judgment of the court on demurrer.    The opinion discloses the character of the plea.

*James B. Morris*, for appellant, cited Jackson v. Leonard, 9 Cowen R., 653 ; Brandt v. Ogden, 1 Johns. R., 159 ; Doe v. Campbell, 10 Johns., 447 ; 25 Wend., 316 ; 9 Texas, 337 ; 1 Marsh. Ky. R., 106 ; Id., 366 ; Barr v. Gratz, 4 Wheat. R., 213–223.

*Amzi Bradshaw*, for appellee.—The action in the case of Wright v. Godard cannot benefit appellant, because the text says : "The interruption of the use of a thing is natural or civil.  The natural takes place when the owner" (not Wright v. Godard) "enters into the land and turns out the possessor before he acquires a right by prescription.  But the effort of civil interruption, or interruption in law, is not general, but relative, etc. The obligations towards the claimant, however, cannot produce any legal effect, with respect to other persons. Besides, *lex civilis vigilantibus scripta est ;* and while the claimant must not be deprived of the benefit of his vigilance and activity which enabled him to claim before the right acquired by prescription was completed against him, there is no reason why his vigilance should benefit others who were not so vigilant."    (Bouvier's Institute, Vol. 2, 486, 487.)

Minority of one heir does not save the interest of the

adult heirs. Because the statute of limitations does not run against a *feme covert* is no reason why it should not run against a *feme sole*, although there is privity between them. Your honors will discover that defendant has plead a complete bar before Wright sued Godard, and their five, ten and twenty years limitation.

We do not claim under or by virtue of Wright's possession, as appellant would have you believe.

Plaintiff's replication, in which he sets up Wright's suit, is in the nature of a plea in confession and avoidance, and I submit that said plea is not good upon demurrer. The plea does not sufficiently describe the parties, nor the subject matter, nor the judgment of the court. For aught the court can know, the judgment has been appealed from, and will be reversed and remanded or reformed.

WALKER, J.—This suit was commenced by a petition for injunction; the injunction was granted, but afterwards dissolved on motion, and by the pleadings the action was changed to that of trespass to try title.

The appellee claims through mesne conveyances under a patent to Francis Slaughter, the assignee of Edward Faris.

The title is set out by the appellee as from G. W. Hill, the executor of Slaughter's will, to Lucy Faris, who deeded to Lewis Godard; from Godard to Baker; from Baker to Jane Godard; from her to Jane Wilson.

The appellee also relies upon possession from 1852 to 1865, and pleads the three, five and ten years statutes of limitation.

The appellants filed a replication to these pleas, which denies the possession of the appellee, and those under whom he claims, to have been peaceable and continuous; and the replication avers that on August 29, 1851, one

B. F. Wright sued Louis Godard, the husband of Jane, and head of the family, in the District Court of Ellis county, for the recovery of the possession and title to one thousand acres of land, part of the Slaughter league, and covering the land sued for.

And that in pursuance of the proceedings herein had, on the twenty-sixth of April, 1854, Wright obtained a judgment against the administrator of Louis Godard's estate *et al.* for the recovery of one thousand acres of land ; that the writ of possession issued, and that in the year 1856 the estate of Louis Godard, and Jane Godard, the surviving wife, were actually dispossessed of this thousand acres of land, which covers nearly the entire lands here in controversy.

On the seventh of May, 1872, the day on which the replication was filed, the appellee demurred to it, both generally and specially.

The special demurrer reads as follows:

"And for special exceptions herein defendant says, that if it is true that B. F. Wright did institute suit against D. S. Godard at the time and place mentioned in said amended petition of plaintiffs, said amended petition is insufficient, in this:

"It does not aver that said Wright claimed title through plaintiffs, or their assignees ; neither is it shown that said Wright was privy in blood or estate, with either of the plaintiffs or their assignees, at the time of the institution of said suit; and of this he prays judgment of the court."

The court overruled the general demurrer, but sustained the special, and ruled out the plaintiffs' replication.

There can be no doubt of the error herein committed, no matter by whom the possession of the appellee, or those under whom he claims, was broken; if broken at all, it required no privity in blood or estate between the

appellants and the party who ousted the possession of the appellee to give the appellants the advantage of it.

We cannot help thinking the honorable district judge, before whom the case was tried, must have had in his mind the law which applied to the demurrant. It was certainly necessary that Rushing, the appellee, should show a privity of blood or estate between himself and those under whom he claimed, down from the Slaughter patent; but the principle does not apply to the appellants.

Another question presents itself in this case:

Tyler says, in his work on Ejectment and Adverse Enjoyment: "Adverse possession, to bar an entry, must be confined to the particular parcel occupied; and it must appear that the continuity of possession, during the whole period, is applicable to such parcel." (Tyler, 912.)

All that is requisite in order to make an adverse possession effectual for the statutory period by successive persons, is that the succession be continued by an unbroken chain of privity between the adverse possessors.

Where one entered, and then another claimed adversely to him, and took possession under such claim by consent of the first possessor, pursuant to a compromise between them, it was held that this was not a continuity of the first possession, within the rule which requires privity between the successive possessors. (Jackson v. Leonard, 9 Cowen, 653 ; see also Brandt v. Ogden, 1 Johns., 159 ; Doe v. Campbell, 10 Johns., 477 ; Simpson v. Downing, 23 Wend., 316.)

These authorities are cited in appellant's brief, to which many more might be added. The case of Wheeler v. Moody, 9 Texas, 377, is a well reasoned case. In the opinion, Mr. Justice Wheeler remarks: "The possession, to be effectual, either to prevent a recovery or vest a right under the statute, must be an actual possession,

attended with a manifest intention to hold and continue it."

It must be, in the language of the authorities, an actual continued adverse and exclusive possession.

Some questions may arise as to the sufficiency of the replication, in that it avers that Godard's possession was ousted by Wright to almost the entire tract of land claimed by the appellee. The sufficiency of this replication as a mere pleading cannot be doubted, but how far it may avail the plaintiffs must be tested by the facts. We again quote from Tyler, on page 911, a doctrine which is familiarly recognized in our own reports:

"If the possession is under color of title, then an actual possession and occupation of a part of the parcel claimed, and a constructive possession of the residue, must continue uninterruptedly for the whole period prescribed." (See Gillespie *et al.* v. Jones *et al.*, 26 Texas, 343.)

In Cunningham v. Frantzen *et al.*, 26 Texas, 34, the court lays down certain rules of construction and law, which may become applicable in the further progress of this case—as there may be some doubt whether Wright's recovery of one thousand acres of the Slaughter league does cut off the appellee from all claim to any part of this land, under the statute of limitations.

The principle may be restated here. He who is in possession of land, with improvements and enclosures, holds actual possession of that portion of the land embraced within his enclosures; but if, at the same time, he holds under a deed, the deed gives him constructive possession of all the land embraced in the deed. And now, if a party sell a part of his tract, which includes his improvements, by deed, with defined boundaries, and the purchaser take possession under the deed, he will have neither actual nor constructive possession of any portion of the land not embraced within the boundaries of his deed,

and he will not succeed to the constructive possession of the whole tract. The constructive possession, it will be seen, depends upon the actual; and the vendor having parted with that over which he had actual possession, loses his constructive possession of the remainder, unless he take actual possession now of that which he before had only a constructive possession. (See Clark v. Courtney, 5 Peters, 354; Green v. Liter, 3 Peters' Cond. Rep., 97, 107.)

It is, perhaps, unnecessary to explain the law of this case further.

The judgment of the District Court will be reversed and the cause remanded.

REVERSED AND REMANDED.