AMELIA B. GOLDSBOROUGH, Appellee, v. JAMES H. PIDDUCK *et al.*, Appellants.

1. **Boundaries**: EVIDENCE. Where the line of division between two adjacent city lots in a block of a certain length was in question, and the city plat, without indicating the width of the lots, showed them to be of about equal width, *held*, that this was sufficient evidence to justify a presumption that they were of equal width, and to sustain a verdict establishing the line in question accordingly.

2. ——: ——: SURVEYOR'S PLAT. In such case a plat of the block, made by the surveyor who had surveyed it, is admissible to illustrate and explain the surveyor's testimony in regard to the measurements made by him.

3. ——: ADVERSE POSSESSION. The fencing in of a portion of a neighbor's lot by mistake, believing that the fence is on the true division line, and the occupancy of the land so inclosed for more than ten years, with no intention to claim any portion of the lot, does not give title by adverse possession; and, in an action in such case to recover the inclosed land, an instruction that, in order for the defendants to establish their defense of adverse possession, it must appear that the plaintiff knew of their claim, and acquiesced in it, was not prejudicial to the defendants.

*Appeal from Woodbury District Court.*—HON. SCOTT M.
LADD, Judge.

THURSDAY, FEBRUARY 2, 1893.

ACTION at law to recover possession of real estate.
There was a trial by jury, and a verdict and judgment
for the plaintiff. The defendants appeal.—*Affirmed.*

*Geo. M. Pardoe*, for appellants.

*T. F. Griffin*, for appellee.

ROBINSON, C. J.—Block numbered 57 of Sioux
City, according to the plat thereof made in the year
1858, contains six lots, which extend lengthwise from
Main street, on the west, to Perry creek, on the east,
and are numbered from north to south. The aggregate
width of the six lots is three hundred and nineteen
feet and six inches. The plaintiff owns the lot num-
bered 2, and defendants own the one adjoining it on
the south, numbered 3. More than ten years before
the commencement of this action, Mrs. Pratt, a grantor
of the defendants, who then owned lot 3, for the
purpose of inclosing it on the north, built a fence on
or near the boundary line which separated it from lot
2, and the owners of lot 3 had occupied the ground
south of that fence since that time. The plaintiff
claims that the fence is six feet, seven inches north of
the boundary line, and demands possession of a strip
of land of that width south of the fence. Defendants
claim that the fence is on the boundary line, and that
they have held all of lot 3, including the strip claimed
by plaintiff, for more than fifteen years, and that the
right of action alleged in the petition did not accrue
within ten years next preceding the commencement of
this action. The verdict and judgment were in favor
of the plaintiff for the land she claims. The jury

found specially that the fence was not on the true
boundary line, and that defendants were not entitled
to the possession of the land in controversy by reason
of adverse possession.

I. It appears that, if all the lots in block 57 are of
uniform width, the claim of the plaintiff is well

1. BOUNDARIES:    founded, for in that case each lot is fifty-
evidence.         three feet, three inches in width, and the
line to which the defendants claim is but ninety-nine
feet, eleven inches south of the north boundary line of
lot 1.  As tending to show the width of the lots, the
plaintiff introduced in evidence a part of the plat book
of Sioux City, showing the block in question and
adjacent portions of the plat.  The defendants com-
plain of the ruling of the court in receiving that evi-
dence, but no objection was made to it when offered,
and we will not consider one made for the first time in
this court.  The plat did not show the size of the lots
in block 57, but showed them to be of about equal
width, and that, if they varied in width, lot 3 was one
of the narrowest of the six.  Block numbered 60, west
of and separated from block 57 by Main street, con-
tains an alley which extends from east to west, opposite
the south boundary line of lot 3, and some claim is
made by the defendants that an allowance should be
made for such an alley in block 57; but there is no
evidence whatever that the block last named ever con-
tained an alley, and an allowance for one should not
have been made.  The evidence on this branch of the
case to show that the lots were of uniform width, and
that defendants were occupying and claiming a part of
lot 2, was sufficient to sustain the verdict of the jury.

II. A plat of block 57, made by a surveyor who
surveyed it, was introduced in evidence.  It tended to

2. ——: ——:    explain and illustrate the testimony of
surveyor's      the surveyor in regard to the measure-
plat.           ments he had made, and was properly

received in evidence. *Messer v. Reginnitter*, 32 Iowa, 312.

III. Objection is made to the sixth paragraph of the charge, on the ground that it instructed the jury,.

3. ——: adverse possession. in effect, that, in order for defendants to establish their defense of adverse posses-- sion, it must appear that the plaintiff knew of their claim, and acquiesced in it. We do not think the paragraph was prejudicial to defendants, in view of the facts shown by the evidence. It clearly appeared. that the owners of lot 3 have not at any time claimed to own any part of lot 2, and that their occupation and claim of ownership have been founded upon the belief: that the fence was on the true boundary line between the lots. There was no intention to claim title to any part of lot 2, and the jury would not have been author- ized to find that defendants had acquired title by adverse possession. See *Grube v. Wells*, 34 Iowa, 148; *Solberg v. City of Decorah*, 41 Iowa, 501; *Skinner v.. Crawford*, 54 Iowa, 119; *Weinig v. Holcomb*, 73 Iowa,. 143; *Fisher v. Muecke*, 82 Iowa, 547.

We discover no ground for disturbing the judg-- ment of the district court. AFFIRMED.