### 7118

### MAHONEY v. SOUTHERN RY.—CAROLINA DIVISION

1. ADVERSE POSSESSION.—Possession of landlord is not broken by the interval of time elapsing between the departure of the tenant cultivating for one year and the entry of the tenant for the next year.

2. IBID.—In perfecting title by adverse possession under color of title it is not necessary that the possession of portions of the tract or lot be continuous in one particular place for the statutory period.

3. IBID.—RAILROADS.—There being some evidence in this case tending to show that the possession of the lot in question was taken by the defendant railroad company for railroad purposes under the act chartering its predecessor, it was not error to modify defendant's requests as to possession for assertion of title so as to cover the view that plaintiff could recover, if he established title to the land, for the taking of the lot or any portion for railroad purposes.

4. EVIDENCE—PLAT.—Exclusion of memoranda on copy plat, there being nothing to show its date, by whom made, or that it was on original plat, not error.

5. NEW TRIAL NISI upon condition that reduced verdict be paid in a limited time, is error.

Before PRINCE, J., Richland, May, 1907.   Modified.

Action by James Mahoney against Southern Railway—
Carolina Division.   From judgment for plaintiff, defendant
appeals.

*Messrs. Abney & Muller,* for appellant, cite : *Adverse pos-
session by tenants, with intervals between occupations:* 6 R.,
67 ; 25 S. C., 254 ; 19 Pa. St., 265 ; McM. Eq., 35.   *By
possession in one place:* 1 Ency., 834, 835, 865 ; Sedg. &
Waite on Trial of Title to Land., sec. 770; Bus. on Lim.
and Adverse Pos., sec. 251 ; Wood on Lim. of Actions, sec.
267 ; 25 Pa. St., 493 ; 32 Ia., 312 ; 25 S. C., 181.   *New
trial nisi on conditions:* 11 S. C., 589 ; 19 S. C., 582 ; 47 S.
C., 499 ; 18 S. C., 315 ; 12 S. C., 45 ; 57 S. C., 395 ; 37 Mo.
App., 517 ; 192 Pa. St., 535 ; 113 Am. St. R., 85 ; 130 U.
S., 69.

*Messrs. Nelson & Nelson and Melton & Belser,* contra,
cite : *Exclusion of memoranda on plat:* 10 Pet., 441 ; 79
S. C., 255.   *Continuity of adverse possession not broken
by temporary vacancy between outgoing and incoming
tenants:* 1 Cyc., 1021 ; 1 Ency., 841, 842 ; 32 Ga., 367 ; 22
So., 989 ; 11 L. R. A. N. S., 772 ; 42 Vt., 473 ; McM. Eq.,
35.   *Title by adverse possession:* 59 S. C., 440 ; 45 S. C.,
312 ; 39 S. C., 19 ; 50 S. C., 293, 444.   *Possession in one
particular place:* 1 Ency., 862, 865, 866 ; 14 S. C., 587 ; 48
S. C., 29 ; 3 Strob., 465 ; Code Proc., 102, 103, 98 ; 50 S. C.,
457 ; 39 S. C., 14 ; 45 S. C., 317 ; 50 S. C., 293 ; 26 Tex.,
34 ; 38 Tex., 596 ; 126 Ga., 176 ; App. Cases (D. C.), 141 ;
1 Cyc., 986 ; 44 Minn., 135 ; 11 Pet., 53.   *Memoranda on
copy map:* 22 S. C., 365.   *Constructive possession:* 1 Cyc.,
1130, 1134 ; 1 Ency., 858 ; 40 S. C., 444 ; 5 Current L., 51 ;
1 Cyc., 1128 ; 3 S. C., 34.   *New trial on conditions:* 14
Ency. P. & P., 930, 939, 940, 982 ; 4 Rich. L., 1 ; Code
1902, 2734 ; Code Proc., 286 ; 12 S. C., 46 ; 1 Graham &
Waterman, 603 ; 206 Pa., 479 ; 104 Cal., 497 ; 41 Mich., 31.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal involves the right of the plaintiff to hold a judgment recovered on a complaint claiming damages for the "taking, appropriation and injury" by the defendant of a portion of a block of land in the city of Columbia, S. C., bounded by Wheat, Assembly, Rice and Gates streets, claimed by the plaintiff to be his property.

The defendant being in possession, the plaintiff relied on adverse possession under color of title, explaining his failure to trace his title back to the State, or to a common source, by proving the destruction of all the records of Richland county by fire, in 1865, at the burning of Columbia by Sherman's army. He proved color of title by introducing a deed of conveyance to himself from the sheriff of Richland county, dated 4th December, 1871, made to him as the highest bidder at a judicial sale ordered by the Court of Common Pleas for the partition of the lands of Gabriel R. Starling. The main issue as to defendant's title was on his claim of continuous adverse possession of the land in dispute for a full period of ten years after his purchase in December, 1871, and before the defendant's adverse entry, in 1896 or 1900. The entire block covered an area of four acres. At the time of plaintiff's purchase, in 1871, there were already two railroad tracks running across the block, to which were attached rights of way. The right of the defendant to these tracks and rights of way was conceded by the plaintiff. The claim is for the damages resulting from the taking of all the remainder of the block, or at least of portions of the remainder. There was evidence tending to show that the plaintiff rented part of the block to successive tenants for cultivation or pasturage every year for ten consecutive years, after 25th November, 1873, when the statutory period was changed from twenty to ten years.

The defendant, contending that the possession must be regarded broken by the interval of time between the departure of the tenant cultivating for one year and the entry of the tenant for the next year, excepts to this instruction of the Circuit Court: "I charge you that where the adverse occupant of land leaves it temporarily, with the intention of returning, his possession continues during such occasional absence, and so if the tenant quits the premises the landlord is to be regarded as still in possession, if by taking possession himself, or putting in another tenant as soon as one can be procured, within a reasonable time, he gives evidence that he does not intend to abandon the land. An interval of two or three months, or from the harvesting of cultivated crops in the fall to the resumption of cultivation in the spring, does not of itself amount to abandonment or a break in the continuity of possession." Discussion of the numerous authorities, cited in the arguments from other jurisdictions, is unnecessary, as the point has been expressly decided in this State. Chancellor Johnston, in *Wilson* v. *McClenaghan,* McM. Eq., 35, thus states the principle: "Where the occupant of land leaves it for a time, *animo revertandi,* his possession continues during such occasional absence; and so, I apprehend, if a tenant quits the premises, the landlord is to be regarded as still in possession, if by taking possession within a reasonable time, or putting in another tenant as soon as one can be procured, he gives evidence that he does not intend to abandon the land. Here the tenant went out when the crop was gathered, and the landlord went in at the season of the year when planting operations usually begin. Possession is matter of fact, and, therefore, of evidence; and here was no greater evidence of abandoning possession than would exist where a planter withdraws his hands from one plantation to another during the winter and returns them in the spring; a thing that often occurs, without the slightest suspicion that the possession has been relinquished."

At defendant's request this instruction was given: "In making out a title by adverse possession there must be continuity in point of locality, for possession of part of a tract of land cannot be joined to possession of another part so as to make up the period." The defendant excepts because the Circuit Judge refused to charge as requested, that this proposition is true when the claimant holds color of title as well as when he is claiming without color of title. The point is difficult, and strong argument has been made on both sides. The respondent's counsel have cited in favor of the ruling of the Circuit Judge, *Cunningham* v. *Fradtzen,* and others, 26 Tex., 34; *Chandler* v. *Rushing,* 38 Tex., 596; *Robertson et al.* v. *Downing Co.,* 126 Ga., 176; *Johnson* v. *Thomas,* App. Cases (D. C.), 141; *Ewing* v. *Burnet,* 11 Pet., 53; 1 Cyc., 986; Tyler on Ejectment and Adverse Enjoyment, 911. While against it the appellant's counsel have cited *Hole* v. *Rittenhouse,* 25 Pa. St., 493; *Messer* v. *Reginitter,* 32 Iowa, 312; 1 A. & E. Enc., 834, 835, 865; Sedgwick & Waite on Trial of Title to Land, sec. 770; Buswell on Limitations and Adverse Possession, sec. 251; Wood on Limitation of Actions, sec. 267. They also cite *Stanley* v. *Shoolbred,* 25 S. C., 181; but on examination of the opinion in that case it will be found that the point was not decided. Perhaps something may be said against the convenience and justice of the rule laid down in the charge as well as in its favor. Authority and reason, however, are valuable only in so far as they aid in ascertaining the meaning of our statute which purports to cover the subject. When the statute is carefully examined it seems to decide the question. Section 102 of the Code of Civil Procedure provides: "Whenever it shall appear that the occupant, or those under whom he claims, entered into possession of premises under claim of title, exclusive of any other right, founding such claim upon a written instrument, as being conveyance of the premises in question, or upon the decree or judgment of a competent Court, and that there

has been a continued occupation and possession of the premises included in such instrument, decree or judgment, or of some part of such premises under such claim for ten years, the premises so included shall be deemed to have been held adversely, except that where the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract."

Taking this section alone, there is ground to doubt whether the continuous occupation "of some part of the premises" means a certain definite part of the land or any of several parts that the holder may happen to occupy at different times. The meaning of this section, however, seems clearer when read in connection with the following provision incorporated in the code as section 103, and manifestly intended to explain and define the adverse possession mentioned in section 102: "For the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument, or a judgment or decree, land shall be deemed to have been possessed and occupied in the following cases:

"1. Where it has been usually cultivated or improved.

"2. Where it has been protected by a substantial enclosure.

"3. Where, although not enclosed, it has been used for the supply of fuel or fencing timber, for the purposes of husbandry or the ordinary use of the occupant.

"4. Where a known farm or a single lot has been partly improved, the portion of such farm or lot which may have been left not cleared or not enclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

Taking the two sections together, the statute seems to contemplate that land included in a written instrument, or a judgment or decree, shall be regarded as an entirety—a single thing; and that while there must be continuity of

possession of the land, the possession of any part will be in contemplation of law possession of the whole. When the land as a tract has been used for the purposes of husbandry, or any of the other purposes mentioned in the statute, though the use be not of the whole land or continuously of any particular part, the use will be regarded an adverse possession of the entire tract covered by the written instrument, judgment or decree. This seems to be a reasonable interpretation of the words of the statute; but when consideration is given to its practical application, it seems obvious the statute could not have contemplated the result which a different meaning would import. The statute of limitations is a statute of repose, and that portion of it which makes a distinction between mere naked possession and possession under a deed or judgment or decree is intended to give additional security to those who hold under paper title by relieving them after ten years' possession of the hazard of the loss of links in the chain of title. This design of the statute would be unreasonably restricted if one who enters upon a distinct tract of land under a deed or decree of the Court, purporting to invest him with a title to that entire tract by metes and bounds, should be required to cultivate or otherwise actively use the same portion of the land every year for the full period of ten years, thus losing the benefit of the statute if he should see fit to divide the land, cultivating one-half and leaving the other half fallow in alternate years. We conclude there was no error in the instruction of the Circuit Judge on this point.

The fifth request to charge was as follows: "If the jury is satisfied by the preponderance of the evidence that the plaintiff is the owner of the said square, then he is entitled to recover; but in no event can he recover any more than the value of the land actually taken and actually occupied by the tracks, embankments and other improvements of the said South Carolina and Georgia Railroad Company and its successors, the Southern Railway—

Carolina Division, the defendant, at the time it was so taken, with such damage, if any, as the construction of such improvements may have caused to his adjoining land.

"And the fact that the defendant, in the assertion of its claim to be the owner of the whole square, inclosed the same, or the unoccupied and vacant portion thereof, with a fence, if they find such fact from the evidence, will not entitle the plaintiff to recover for the whole square, or the unoccupied and vacant portion thereof, even if he has established his title thereto, but only for the part actually taken and occupied by tracks, embankments and other improvements for railroad purposes and for the damage, if any, to the residue." The Circuit Judge gave the request to the jury as being a sound legal proposition, if the defendant enclosed the land merely for the purpose of asserting title to it and not for the purpose of appropriating the land enclosed for railroad uses. The defendant's counsel insist the request should have been given to the jury without modification, contending that there was positive and direct evidence that the defendant enclosed the land merely for the purpose of asserting title, and that there was no evidence of an intention to appropriate it to railroad purposes. It is true there was no declaration of any witness on the subject except that of Mr. Abney, who testified that when the contention between the plaintiff and defendant with regard to the land was brought to his attention he, as counsel for the defendant, advised that the lot be enclosed, and that it was actually enclosed, "for the purpose of asserting positive possession and ownership in the open and vacant lands, and was intended and so directed to be, not the taking of property under the right of condemnation, but assertion of their title to the land as individual proprietors." There is, of course, no doubt that Mr. Abney stated correctly his connection with the matter and his view of the purpose of fencing the land. But it is to be observed that the request under discussion was asked as a guide to the jury in case

they found the plaintiff had established his title by adverse possession against the defendant; and, further,. that the defendant, in asserting title by the enclosure and otherwise, rested its claim on the statute of 19th December, 1838, 8. Stat., 484, granting to the Louisville, Cincinnati and. Charleston Railroad Company "Such lots and parts of lots in the town of Columbia as belong to the State, and may be required for the purpose of constructing and keeping up the road, depositories and other buildings and works" of that company: *"Provided,* That * * * the grounds required for the depositories and other works shall not exceed twelve acres." The assertion by the railroad company of its right' to enclose and hold the land under this Act was an assertion of its intention to use the land under the act "for the purpose of constructing and keeping up the said depositories and other buildings and works;" and the evidence offered of this assertion was some evidence that the purpose was not only to assert title to the property, but to enclose the land and appropriate it for railroad purposes. The objection to the charge on this point, therefore, was not well founded.

Defendant's counsel did not argue the exception alleging error in excluding from the consideration of the jury the. words "conceded as belonging to S. C. R. R. by city, 1899," written over the representation of the land in dispute on a blue print which the defendant produced as a copy of an original plat made by its own engineer. Manifestly, there is no foundation for the exception, for there was no evidence of the date of the writing or by whom it was made, or even that it was on the original plat.

On motion for a new trial the Circuit Judge ordered a new trial, *nisi,* providing for a reduction of the verdict from $6,863.32 to $5,680, on the same conditions as were. considered by this Court in *Hall v. N. W. R. R. Co.,* 81 S. C., 522. Upon that authority, it is adjudged that there shall be a new trial unless the plaintiff shall

within thirty days from the filing of the remittitur from this Court remit on the record the difference between $6,863.32 and $5,680. Upon such entry being so made, it is adjudged that the judgment of the Circuit Court be affirmed.