PRICE'S HEIRS
*vs*
EVANS, &c.

fused, a verdict and judgment was rendered against the defendants for $25, from which they have appealed.

Where words otherwise slanderous, are explained at the time of speaking them, with a statement of such facts as show that no felony could have been committed, are not actionable.

To charge a weaver with stealing filling sent to the house of the weaver, to be woven into cloth, is not actionable.

---

EJECTMENT.

Case 75.

April 15.

# Price's heirs *vs* Evans, &c.

ERROR TO THE CLARKE CIRCUIT.

*Ejectment.   Adverse possession.   Limitation.*

JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THIS action of ejectment was brought on the demise of the heirs of John Price, to recover six tenements, held

by as many tenants, within the patent of their ancestor for 500 acres of land, bearing date in July, 1785. This patent is the eldest upon the land in contest except that of S. and E. Hall for 200 acres, which embraces the entire tenement of Evans, one of the defendants, and a part of the tenements of two others, Noe and Tracy. The whole of these three tenements is also included within Moore's junior patent, which likewise includes the Smithson tenement. These four tenements and a fifth, held by Thompson, and a part of the sixth, seem also to be included within the junior patent of Aaron Lewis, and these two last are entirely covered by the junior patent of Craig.

The defendants relied upon a continued adverse possession of more than twenty years, by themselves and those from whom they acquired it, under one or more of the junior patents, covering their respective tenements, and those within Hall's elder patent, also claimed such benefit as they might be entitled to from its being the elder patent. No entry appears to have been ever made under this last named patent, and no entry appears to have been made under Price's patent, and within the interference with Hall's, except upon two or three specific parcels which have been sold by Price, and the possession of which, by his vendees, could not affect the possession of the defendants.

So much of the case as relates to the land held by the defendants, within this interference, may be disposed of by stating the fact that no other possession has, at any time, been held of that land, except by the defendants and those under whom they claim, all holding adversely to both of these patents. And the legal consequence of that fact, that if the defendants had not had twenty years possession, the elder patent protects them as an outstanding title; and if they had had twenty years possession, as is most clearly proved, the right of entry, under the elder patent was tolled for their benefit, and enured to them and not to the lessors of the plaintiff. This being so, the instruction, that the plaintiff could not recover the land within Hall's elder patent, unless there had been twenty years possession within the interference under Price's patent, if subject to any other objection than that

PRICE'S HEIRS
*vs*
EVANS, &c.

A possession of twenty years, adverse to an elder outstanding patent, enures to the benefit of the possessor.

A defendant in ejectment may, on his defence, avail himself of an elder outstanding patent to that under which plaintiff claims.

PRICE'S HEIRS
*vs*
EVANS, &c.

of there being no evidence conducing to prove the possession under Price's patent, as assumed, could not possibly have injured the plaintiff.

A verdict should not be disturbed on account of an instruction which could not have prejudiced the party complaining.

It is to be observed, however, that the instruction does not, as seems to be supposed by the argument against it, import that Hall's patent is available as a present outstanding title, but imports, what is certainly true in this case, that the plaintiff, claiming under the junior patentee could only recover the land held within the elder patent, in virtue of his own possession or that of those under whom he claims within the same patent. If the adverse possession had been held by different persons, successively, who had no connection with each other, it might be a question for whose benefit the right of entry under the eldest patent had been tolled: but as the evidence does not conduce to prove this state of facts, such a question cannot arise in this case. And the defendants, and those under whom they claim, having had a continued possession within the interference, it is immaterial whether that possession had continued for twenty years or not—there could be no recovery as to that land under Price's patent unless on the ground of twenty years possession under that patent. This instruction, therefore, furnishes no ground for disturbing the verdict against the plaintiff, so far as the interference of the two patents is concerned.

An entry and possession under a junior patent extends to the actual enclosure of all embraced by an elder patent and to the boundary of such as is not covered by the elder patent, and such a possession for 20 years tolls the right of entry of an older patent.

With respect to the land held by the defendants, outside of Hall's patent, and as to which Price's was the oldest patent, it may be conceded that the first entry thereon was made under Price, and that possession was thereby acquired of all the land within the boundaries of his patent, except that covered by Hall's elder patent. It is also conceded, as a legal consequence, that while this possession under Price's patent continued, an adverse entry, under a junior patent, could gain possession only to the extent of the actual *pedis possessio*, or enclosure by which such entry was indicated and maintained. And if there had been a continual possession under Price's patent, with claim to the extent of its boundaries, up to the commencement of this ejectment, or till within twenty years prior to it, the plaintiff might be entitled to

recover all the land held by the defendants outside of Hall's patent, and within that of Price, which had not been actually enclosed for twenty years before the suit.

But the evidence conduces to prove, and in support of the verdict it may be assumed, that about the year 1804 the tenant of Price, who had occupied a small tenement of about 25 acres of cleared land, being the only one which indicated his entry and possession, and which appears also to have been included within Craig's junior patent, quit the place and the possession was shortly afterwards taken by one Duncan, under the patent of Craig; that after that occurrence Price had no actual possession, by the occupancy of any part of the land, by himself or tenants, unless possession of the same tenement was taken in 1818, under a judgment rendered · in his favor against Duncan in an ejectment commenced the 30th of December, 1815.   And there was no attempt on the part of Price to resume or regain the possession of any other land outside of Hall's patent until the year 1836, when the present ejectment was brought, and no act or indication of continued possession after his tenant quit in 1804. Under these circumstances, we are of opinion that the actual possession of the only tenement which had been held under Price, having become adverse, he lost, (and the jury might have found that he had abandoned,) his entire constructive possession beyond that tenement: *Myres &c.* vs *Sanders*, (7 *Dana*, 527–8;) and that he, having no possession afterwards, any subsequent extension of their enclosures by the defendants or those under whom they hold, gave them possession to the extent of their respective claims, and, consequently, that if any such extension of enclosure was made more than twenty years before this suit was brought, an adverse possession was thereby gained, which, if continued until the commencement of this suit, barred the recovery, by the plaintiff, to the extent of the claim under which such possession was taken.

Now, upon the evidence, the jury was authorized to find that, prior to 1804, the defendants or those under whom they claim, were all in possession of small tenements which they continued to extend by additional im-

*(margin note)* PRICE'S HEIRS *vs* EVANS, &c.

*(margin note)* Where the conclusion of the jury rests upon inferences to be drawn from circumstances,

PRICE'S HEIRS
*vs*
EVANS, &c.

which are them-
selves not con-
clusively estab-
lished, this Court
will not disturb
the verdict.

provements and enclosures; and that prior to 1816, which was twenty years before the commencement of this suit, such additional enclosures had been made by each, under claim of possession, to the extent of their respective tenements; and that this possession and claim were continued to the commencement of the suit and time of trial, adversely to Price's patent, unless as to the land for which the judgment in ejectment was obtained against Duncan, as above mentioned.

. The defendants, therefore, unless as to the land just referred to, were clearly entitled to a verdict on the ground of continued adverse possession. And, as to the land just referred to, as having been recovered in ejectment, consisting of the tenements held by Thompson and Edmondson, within Craig's patent, the bar of twenty years adverse possession also applies in their favor, unless, as contended for by the plaintiff's counsel, possession of that land was taken in 1818, under Price's judgment, and for him by Thompson. Upon this branch of the case, which rests in this Court solely upon a comparison of the verdict with the evidence, we deem it sufficient to say that altho' we might be inclined to the opinion, upon the evidence, that Thompson did take possession under Price's judgment, and not under Duncan merely, yet as there is no direct, and certainly no conclusive testimony, on this subject, but the question rests upon inferences to be drawn from circumstances which are, themselves, not conclusively established, we should not feel at liberty to disturb the verdict on this point in opposition to the opinion of the Circuit Court, and especially as it is to be remarked that, even were it certain that Thompson managed and controlled the action of ejectment in the name of Price, and by virtue of that contract took possession after the judgment, of the land claimed by Duncan under Craig, these facts themselves, coupled with the subsequent unquestioned possession of Thompson and Edmondson, would tend to the presumption that Thompson had some title or interest in the land which Price, himself, acknowledged. And we are not very clear that the verdict should be set aside by us, even if it rested solely up-

on the question whether the jury might not presume a conveyance from Price to Thompson.

But this point is not necessarily presented and is not decided. There was no instruction bearing upon the question of any supposed relation between Thompson and Price, or the effect thereof. Nor was there any upon the questions relating to the possession, which could have affected the verdict injuriously to the plaintiff. Upon these questions the instructions given by the Court contain no error, but they do not go as far in favor of the defendants as the evidence and the principles of this opinion would authorize.

The Circuit Court, therefore, did not err in refusing a new trial on motion of the plaintiff. And the judgment is affirmed.

*Apperson and Chiles* for plaintiff: *Hanson* for def't.