BALIE PEYTON ET AL. V. HENRY BARTON ET AL.

*(Case No. 3969.)*

1. LIMITATION.— Where there is only a partial conflict of surveys, the statute will not run in favor of an adverse occupant under the junior title, if his actual possession does not extend to that part of the land in dispute which is within the conflict.
2. LIMITATION.—When the statute of limitations is relied on in a suit involving title to land, an actual, visible and exclusive adverse possession of the land in controversy must be shown.
3. CASES DISCUSSED.— Jones. *v.* Menard, 1 Tex., 771, discussed.

APPEAL from Falls. Tried below before the Hon. L. C. Alexander.

Action of trespass to try title, brought by appellants Balie Peyton *et al.* against Henry Barton, appellee, and a number of other defendants. Henry Barton set up title in himself in severalty to a part of the land in controversy, and pleaded statute of limitation of three, five and ten years.

Judgment was rendered by the court without the intervention of a jury, in favor of the plaintiffs against all of the defendants except Barton, and in his favor on his plea of the statute, and as to him, plaintiffs gave notice of appeal.

In this court it was submitted under Rule 59, on the following agreed facts, viz.:

First. The land described in plaintiffs' petition and known as the Basquez seven league tract, was titled in 1833, and is a valid grant.

Second. The plaintiffs are joint owners of said title.

Third. A title grant was issued to T. J. Chambers in 1834, and is a valid grant.

Fourth. Said Chambers grant interferes or conflicts in part with said Basquez grant.

Fifth. In 1853 Chambers conveyed by deed to the ancestor of defendant Barton, three hundred and twenty acres of land, part of said Chambers grant, and extending up and down

Sandy creek one mile, and extending back one-half mile; forty acres of said three hundred and twenty acres lapping on or conflicting with the Basquez grant.

Sixth. Barton and his ancestors have been in continuous occupation of said three hundred and twenty acres of land ever since, and holding under the deed from Chambers, but neither said occupation nor improvement has extended on that part conflicting with the Basquez grant.

And it is further agreed that the question of law necessary to the decision of the cause is as follows, viz.:

In case the holder of the older title is not in actual possession, is it necessary that an adverse possession under a junior conflicting grant should be evidenced by visible occupation on the conflict, the length of time prescribed by the statute, in order to bar a recovery in a suit brought by the holder of said older title? Or will an actual possession within the boundaries of the junior grant, but not on the conflict, be extended by construction to the boundaries of said junior grant, and covering the conflict part, so as to put the statute of limitation in motion and bar a recovery by the holder of the older title, he not being in actual possession of any part of his grant.

If it be held that such actual possession must be on the conflict, then the judgment in this cause should be reversed as to defendant Barton and a judgment rendered in favor of plaintiffs against Barton; otherwise judgment should be affirmed.

*S. R. Fisher* for appellants.— Defendants' possession of such portion of the Chambers grant as lies beyond the lap or conflict between it and the Basquez, or senior grant, cannot avail as a bar to a recovery under the Basquez, even if no actual possession of any part of the Basquez has ever been taken.

The cases of White *et al. v.* Burnley *et al.*, 20 How., 251; Trimble *v.* Smith, 4 Bibb, 257; Fox *v.* Hinton, id., 559; Smith *v.* Mitchell, 1 Mar. (Ky.), 207; Pogue *v.* McKee, 3 Mar., 1022; Smith *v.* Frame, id., 1097; Price's Heirs *v.* Evans, 4 B. Mon.;

388; Talbot *v.* McGavock, 1 Yerger (Tenn.), 268, 269; Napier *v.* Simpson, 1 Tenn., 153, are decisive of this point.

White *v.* Burnley was a case carried up by writ of error from the district court of the United States for the district of Texas. The action, "trespass to try title." Among other defenses, the three years' statute (sec. 15, act of 1841) was relied upon. The younger title, owned and occupied by the defendants, lapped over a portion of the Morales, or older title, and the suit was brought to recover the land lying within the conflict.

Defendants had both title and color of title; and some of them had been in actual possession of·part of their lands for more than three years before the suit was instituted; but none of them had been in actual possession of the conflict or interference for the prescribed time. Section 15 of the act of 1841, under which this case was decided, requires suit to be instituted within three years next after the cause of action shall have accrued. *Held,* by Mr. Justice Catron, that a defendant, holding under a younger title land conflicting in part with an older title, must be in actual possession of the part conflicting before the statute can begin to run; and that three years' possession of the conflict before the institution of suit is necessary to complete the bar. Says that learned jurist: " We think it too plain for reasoning or authority to make it plainer, that, until the land of the plaintiff was trespassed upon, this action of trespass to try title could not be maintained."

In Trimble *v.* Smith the plaintiff claimed under a patent issued in 1875, and the defendants under a patent of later date, the two interfering with each other. Defendants had held actual possession of a part of their land for twenty years before the beginning of the suit, but had not occupied for such period the land within the interference between the two patents; plaintiff, previous to bringing the suit, had never been in actual possession of any of the land covered by his patent. *Held,* that the actual occupancy by the junior patentee of

that part of the tract of land which did not interfere with
the elder grant, did not give him possession of the part
within the interference, although the elder patentee never
actually entered upon any part of the land included in his
patent.

Boyle, C. J., in delivering the opinion of the court, says:
"Where there is no *adverse possession*, there can be no doubt
that a man by an entry into any part of a tract may acquire
the possession of the whole; provided he may lawfully enter
upon the whole; but to construe an entry into a part to which
he has a right, to give him possession of another part to which
he has no right, would be·making an act which was not itself
right, proper by construction. This would be wholly unwar-
ranted by precedent, and in direct violation of the principle of
law which requires where an act is done which is susceptible
of a twofold construction, one of which is consistènt with
law and the other not, that the former should prevail.

The same doctrine was announced in Fox *v.* Hinton, 4
Bibb, 559; Smith *v.* Mitchell, 1 Mar., 207; Pogue *v.* McKee,
3 Mar., 1002.

*Goodrich & Clarkson* also for appellants.

I. That a possession under a junior grant conflicting in part
with a superior grant, but not on the lap or conflict, will not
bar the right of the owner of such superior grant by limitation,
but possession under the junior grant, to put the statute of
limitations in motion, must be on the conflict, although the
owner of the superior grant be not in possession of any part of
his grant. White *v.* Burnley, 20 How., 251; Portis *v.* Hill,
3 Tex., 278; Wheeler *v.* Moody, 9 Tex., 377; Whitehead *v.*
Foley, 28 Tex., 291; Ewing *v.* Burnet, 11 Pet., 41; Clark's
Lessee *v.* Courtney, 5 Pet., 353; McEwen *et al. v.* Den's Lessee,
24 How., 242; Trimble *v.* Smith, 4 Bibb, 257; Fox *v.* Hinton,
id., 559; Smith *v.* Mitchell, 1 Marsh., 251; 3 Marsh., 1022; id.,
1097; Price *v.* Evans, 4 B. Mon., 388; Talbot *v.* McGavock,
1 Yerger, 268; 1 Tenn., 153; Hole *v.* Rittenhouse, 25 Pa. St.,

491; Stafford *v.* King, 30 Tex., 277; Gillespie *v.* Jones, 26 Tex., 346.

*Oltorf & Preston* for appellees.

I. If a person enters into land under a deed or title, his possession is co-extensive with his deed or title, and the party claiming under a senior deed or title will be deemed disseized to the extent of the boundaries of the land described in the deed or title.   Jones *v.* Menard, 1 Tex., 771; Clark *et al. v.* Courtney, 5 Pet., 319; Ballard *v.* Perry, 28 Tex., 347.

II. A person holding under a valid junior grant has color of title, and possession under such title is co-extensive with the boundaries described in the deed.   Whitehead *v.* Foley, 28 Tex., 268.   Chief Justice Wheeler, in the case of Whitehead *v.* Foley, above cited, says, " there is a generally recognized, obvious and important distinction between possession taken by a mere naked disseizor or intruder — that is, one who enters without claim or color of title, and a possession taken by a person under a colorable title."   The distinction is, that the possession of the former is confined to the land actually in occupation, whereas the possession of the latter is construed to be co-extensive with the boundaries described in the deed under which he claims.   If this be the law, it then necessarily follows that the possession of the appellee and his ancestors is co-extensive with the boundaries of the 320 acre tract conveyed to them in 1853 by Chambers, and the disseizin extends to all the land included in the boundaries of the 320 acre tract.

BONNER, ASSOCIATE JUSTICE. — The cases generally, in which it has been held that adverse possession under a junior title of part of a tract of land, will, by construction, be held to extend to the boundaries of the title, where there is not also actual possession under the elder title, were those in which there was a total conflict between the two claims.

Under such circumstances, the adverse occupant, who sought the bar of the statute, was in the actual possession of part of

the land claimed by the other party, and who, consequently, was conclusively presumed to have had knowledge of the adverse possession.

Although in Jones *v.* Menard, 1 Tex., 771, it was held that actual possession of part of the land, though not within the conflict, would be constructive possession co-extensive with the limits of the grant claimed, yet that case was decided upon another question, and in the opinion weight was given to the particular phraseology of section 21, Act Fourth Congress of the republic, 91, to regulate proceedings in civil suits, approved February 5, 1840, but not now in force, which provides that: " In controversies affecting lands, tenements or hereditaments, possession of part shall not be construed as possession of the whole, when any actual adverse possession can be proved."

The great current of authority, however, is, that where there is only a partial conflict or interference of surveys, the statute will not run in favor of an adverse occupant under a junior title, if his possession does not extend to that part of the land in dispute which is within the conflict. Angell on Lim., § 402 (5th ed.), and numerous authorities in notes; Trimble *v.* Smith, 4 Bibb, 257, which was an agreed case, very similar to the one under consideration; Fox *v.* Hinton, 4 Bibb, 559; Smith *v.* Mitchell, 1 Marsh. (Ky.), 207; Pogue *v.* McKee, 3 Marsh., 127; Smith *v.* Frame, id., 231; Price's Heirs *v.* Evans, 4 B. Mon., 388; White *et al. v.* Burnley, 20 How. (U. S.), 235, which arose under section 15 of our statute of limitations, February 5, 1841 (Pasch. Dig., art. 4622); Hole *v.* Rittenhouse, 25 Pa. St., 491, overruling Waggoner *v.* Hastings, 5 Barr, 300; Beaupland *v.* McKeen, 28 Pa. St., 124; Talbot *v.* McGavock, 1 Yerger, 262.

These decisions are based, in part at least, upon the doctrine that the elder legal title draws with it to the owner the constructive lawful seizin and possession of the land embraced within its boundaries, though actual possession be not in fact

taken by him. That possession by the owner of the junior title of that part of the land not within the interference, being lawful within itself, would not by construction extend also to a presumed unlawful trespass upon that part embraced within the elder title, but that an actual trespass must be required for this purpose. That without such actual trespass, the true owner would have no cause of action, unless he elect to consider himself disseized with the view to try the title by proper proceedings for this purpose, or in the nature of an action to remove clouds.

If, however, there should be an actual adverse possession under the junior title of the part within the conflict, then the true owner could sue. As said in Whitehead *v.* Foley, 28 Tex., 289, what acts will amount to a disseizin is often a question of great difficulty, and it has been impossible to lay down any rule which will be applicable in all cases.

It is the doctrine of this court that there must be an actual, visible and exclusive adverse possession of the land in controversy, to support the statute. Wheeler *v.* Moody, 9 Tex., 377; Gillespie *v.* Jones, 26 Tex., 346.

But it does not, in the present case, become necessary to enter upon the question, what acts would be sufficient to amount to disseizin of the true owner, where there is an adverse possession under the junior title, but not upon that part of the land within the partial conflict or interference of the two surveys, as it is expressly agreed that neither the occupation nor improvements of the defendant had extended to that part of the land which conflicted with the Basquez grant.

Under the agreement of the parties, the judgment below is reversed as to appellee Barton, and rendered against him in favor of appellant Peyton.

REVERSED AND RENDERED.

[Opinion delivered May 2, 1880.]