J. W. PARKER ET AL. v. W. W. BAINS.

1. CLOSING OF THE LAND OFFICE IN 1835.—The case of Donaldson v. Dodd, 12 Tex., 381, which decided that the act of consultation took effect 13th of November, 1835, reaffirmed.
2. LIMITATION.—Possession under a void grant issued after that date will not avail to support the pleas of limitation of three and five years.
3. SAME—CASES REAFFIRMED.—The cases of March v. Weir, 21 Tex., 110; Smith v. Power, 23 Tex., 33; Lambert v. Weir, 27 Tex., 364, and Whitehead v. Foley, 28 Tex., 1, to that effect, reaffirmed.
4. DISSEIZIN—OUSTER AND POSSESSION.—The cases of Peyton v. Barton, 53 Tex., 298, and Jones v. Menard, 1 Tex., 771, discussed.
5. SAME.—The cases of Hays v. Barrera, 26 Tex., 81; Ballard v. Perry, 28 Tex., 347, and Charle v. Saffold, 13 Tex., 94, commented on in this connection.
6. SAME.—The case of Hunnicutt v. Peyton, 102 U. S. Sup. Ct., pp. 368 and 369, and that of Peyton v. Barton, above referred to, remarked on.

APPEAL from Fort Bend. Tried below before the Hon. Wm. H. Burkhart.

The case was disposed of below as an agreed case. Plaintiffs Parker et al. claimed the land in controversy under deeds from Isaac N. Charles, to whom a grant issued March 25, 1831, while defendants claimed under deeds from N. Brookshire, to whom a grant issued November 25, 1835. The suit involved the question of title to a strip of land covered by both grants. Plaintiffs, having the Charles title, had been in possession of land covered by it, on which they paid taxes since 1842, but had not been in actual possession of that portion embraced in the lap or conflict with the Brookshire grant, and which was claimed by defendants. Brookshire lived and died on his league grant about eighteen years after the

grant issued. Simonton, Moore, Cooper, Shieves, McNeil, McLeod, and several others who claimed under the Brookshire grant, bought portions of it at periods between 1850 and 1868 and each improved and occupied small tracts. The agreement discloses that one W. W. Walker purchased three hundred and twenty acres of the Brookshire grant as early as 1840, but it was not shown that he ever went into possession. Simonton had been in actual possession of five acres since 1854, but his possession and improvements were not on the Brookshire grant, but on the Charles survey, regardless of the conflict. Still other parties than those above named were defendants, claiming portions of the land, but without actual possession. A jury was waived and judgment rendered for defendants.

*P. E. Peareson,* for appellants, cited Peyton *et al. v.* Barton *et al.,* 53 Tex., 298–304, and authorities cited; Blythe *v.* Houston, 46 Tex., 65; O'Neal *v.* Manning, 48 Tex., 403.

*W. L. Davidson,* for appellees, cited R. S., arts. 3191, 3196, 3142, 3145, 3153; Hoxie *v.* Allen, 37 Tex., 536; Galan *v.* Goliad, 32 Tex., 788; Bullard *v.* Perry, 28 Tex., 367; Sutton *v.* Carabajal, 26 Tex., 500; Cavasos *v.* Trevino, 35 Tex., 165; Hooper *v.* Hall, 35 Tex., 83.

WEST, ASSOCIATE JUSTICE.— This is an agreed case under articles 1413 and 1414, Revised Statutes. We have concluded to reverse the judgment, and would, if it were possible, in accordance with the usual practice in such cases, here render a final judgment.

Upon an examination, we find we have not sufficient evidence before us to enable us to dispose finally of all the matters in dispute, and therefore the case will be remanded for a new trial. We are induced to come to this conclusion on several grounds.

The main question grows out of a struggle between two rival grants (the Charles and the Brookshire), as to which has the better right to the land in suit. The agreed case shows the grant to Brookshire was issued on the 25th of November, 1835, and the Charles grant on March 25, 1831; that there was actual possession taken by Brookshire of the land within the limits of the grant in 1835, and that possession continued from that date until his death in 1852. It is also agreed that no actual possession was taken by any one of any part whatever of the Charles grant until 1842, and then possession was not taken of the part of it that is in conflict with the Brookshire. It is also conceded that these grants conflict to the extent of eight hundred and fifty acres, being the land in suit. It is also ad-

mitted that no corporeal possession was taken of the part of the land in conflict by any one until 1850, when an actual entry was for the first time made on a part of it by the appellee Cooper, holding under Brookshire. The actual pedal possession of Brookshire, which commenced in 1835, was under his grant, but neither he nor any tenant of his ever had actual possession of the land within the lap or conflict. No actual corporeal possession under the Charles grant of any portion of that grant was had until the year 1842, and then the actual possession was not taken of that portion of the Charles grant embraced within the limits of the conflict.

It must be conceded, without discussing now what was the legal effect of the character of possession held by Brookshire up to 1842, upon the right of Charles or his vendees to the land embraced in the conflict, that this species of adverse possession, whatever its character may be, was put an end to under the facts as now presented, by the actual entry of Charles or his grantees under him in 1842.

In this aspect of the case, it becomes very important to consider the nature and character of the Brookshire grant. For it is plain that the ten years' statute of limitation can have no application to the case as disclosed in this record. Nor does the proof now before us sustain the plea of limitation of five years. The junior grant, it is admitted, was issued on the 25th of November, 1835. It has been held that the act of the consultation closing the land offices took effect immediately on its passage, which was on the 13th day of November, 1835. Donaldson v. Dodd, 12 Tex., 381; Edgar v. Galveston City Co., 21 Tex., 302; Plans and Powers of Provisional Government of Republic of Texas, art. XIV; Jones v. Menard, 1 Tex., 789; Constitution of Republic, General Provisions, sec. 10; Const. of 1845, art. VII, sec. 21; Const. of 1876, art. XIII, sec. 5.

The Brookshire grant was then, by reason of its date, a grant void on its face, and this court has held that actual possession under such a grant will not be sufficient to support the plea of limitation under our statute, prescribing, under certain circumstances, the period of three years as sufficient to complete the bar. 1 Pasch. Dig. of Laws, art. 4622, and note 1031, p. 767; Marsh v. Weir, 21 Tex., 110; Smith v. Power, 23 Tex., 33, 34; Lambert v. Weir, 27 Tex., 364; Whitehead v. Foley, 28 Tex., 1. For these reasons the judgment below must be reversed.

In view of another trial, it may be proper to make a remark as to the character of the adverse possession shown under the grant to Brookshire.

Appellants' counsel have invited our attention to the case of Pey-

ton v. Barton, 53 Tex., 298, in connection with the question of adverse possession under the Brookshire grant. We do not understand that case to have in effect overruled Jones v. Menard, 1 Tex., 771, or to have announced in direct terms an entirely new and different rule, or to be necessarily in conflict with the views of this court as expressed in Hays v. Barrera, 26 Tex., 81, 82; Charle v. Saffold, 13 Tex., 94; Ballard v. Perry, 28 Tex., 34, and perhaps other cases bearing on the question of disseizin and adverse possession. It was only there held that under the agreed facts of that case, there being no actual possession of the part of the land in conflict with the older grant, being the Basquez grant, that the possession of Barton, he not actually residing on the land within the limits of the conflict, though it (the land in conflict) was within the boundaries named in his deed, did not amount to a disseizin of the true owner. This seems to be the extent of that decision.

The court expressly confine their opinion on the question, as to what will amount to a disseizin of the owner, to the particular facts of the agreed case then before them.

On this point the court is careful to say: "But it does not, in the present case, become necessary to enter upon the question, what acts would be sufficient to amount to disseizin of the true owner where there is an adverse possession under the junior title, but not upon that part of the land within the partial conflict or interference of two surveys." Peyton v. Barton, 53 Tex., 304. From the facts in Hunnicutt v. Peyton, 102 U. S., 368, 369, in relation to the same (Basquez) grant, there seems to have been at some early day actual possession of that grant. In that case the court cite with marked approval Clarke's Lessee v. Courtney, 5 Pet., 319, which was much relied on in Jones v. Menard, 1 Tex., 771.

It is unnecessary, and would be perhaps improper, in the present attitude of the case before us, to say anything on the difficult question as to what will, in the case in hand, amount to a disseizin of the rightful owner. As to whether or not the open sale by Brookshire in 1840 to William Walker of three hundred and twenty acres of the land in conflict amounted to a disseizin of the true owner, who was not then in the actual possession of any part of the conflict, need not now be considered. It was, however, an unmistakable assertion of right over that portion of the Charles grant that was in conflict with the Brookshire. See R. S., art. 3198, as to adverse possession. Whitehead v. Foley, 28 Tex., 268; Wood on Limitation of Actions, secs. 261–267; Nearhoff v. Addlena, 31 Pa., 279; Semple v. Cook, 50 Cal., 26.

It may be, however, that on another trial additional evidence bearing on the question of ouster and adverse possession will be introduced by both parties, that will put the question in a different light from that in which it is now presented.     Argotsinger v. Vines, 82 N. Y., 308; Thompson v. Burhaus, 79 N. Y., p. 97.

It is proper to say, in justice to the judge who tried the case below, that it is possible that the actual date of the Brookshire grant as exhibited to him on the trial may have been different from the date disclosed by the record before us, and this difference in dates may be the result of inadvertence in preparing the statement of facts, or may be a clerical error.     The date given in the pleadings to the Charles grant is also different from that given in the statement of facts.     It is possible that the exact date of neither grant is stated with entire accuracy in the agreed case.     The judgment is reversed and the cause remanded.

[Opinion delivered February 23, 1883.]

REVERSED AND REMANDED.