**J. W. PARKER ET AL. v. W. W. BAINES ET AL.**

(Case No. 2224)

1. GRANT—TRESPASS—ACTUAL ENTRY—The elder title of a prior grantee draws to it the seisin of the entire tract covered thereby. A party claiming title under a junior grant may, by taking actual possession, dispossess the prior grantee to

the extent of the second grant. But upon actual possession being taken by the prior grantee, the adverse holding of the trespasser becomes limited to his actual enclosure and improvements. (Evitts v. Roth, 61 Tex. 81 ; Whitehead v. Foley, 28 Tex. 289 ; Horton v. Crawford, 10 Tex. 338 ; Cunningham v. Fraudtzen, 26 Tex. 38.)

2. JUNIOR TITLE—CONSTRUCTIVE POSSESSION—Without actual entry, the holder of a junior title can have no constructive possession. Whatever locations may be made upon an elder grant, so long as no actual possession is taken, the title of the prior grantee to the elder grant remains unimpaired.

3. TRESPASS—REMEDY—Whenever actual possession is taken by a subsequent grantee or other trespasser, the prior grantee must take notice of the trespass and protect his title by taking actual possession or bringing suit within the proper period of limitation.

4. LIMITATION—ADVERSE POSSESSION—To set the statute of limitations in motion, there must be a possession, actual, visible, notorious, distinct and hostile. It is not sufficient if it be upon land of another, or of the opposing claimant. (Robinson v. Lake, 14 Ia. 424.)

5. STATUTE CONSTRUED—The statute requires suit against parties claiming under title, or color of title, to be commenced within three years next after the cause of action shall have accrued. This means the time when actual entry upon the plaintiff's land shall have occurred. The mere assertion of an adverse claim, unaccompanied by adverse possession, cannot bar the owner's remedy.

6. POSSESSION—EXTENT—Two grants conflicted, and the second grantee was in actual possession of a part of his grant not covered by the prior grant ; held, that the possession was not a constructive possession of the land in conflict, adverse to the prior grantee.

7. CASE OVERRULED—Jones v. Menard, 1 Tex. 771, overruled.

8. CASES DISCUSSED—Ellicott v. Pearl, 10 Pet. 414 ; Clarke v. Courtney, 5 Pet. 319 ; and Peyton v. Barton, 53 Tex. 298, discussed.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

This case was before this court at a former term, and is reported in 58 Tex. 15. The tract of eight hundred and sixty-three acres in controversy was a part of a half league grant to I. N. Charles in 1831, and also of the league grant to Brookshire in 1835. Plaintiffs claimed under the former grant ; defendants under the latter. In 1842, one Harry took lawful possession of the Charles grant, but was not in actual possession of the portion covered by the conflicting Brookshire grant. Brookshire took immediate possession of his grant, but was at no time in actual possession of the portion covered by the prior Charles grant. The other necessary facts are stated in the opinion of the court.

Defendants answered by demurrer, not guilty, limitation of three, five and ten years, and suggested valuable improvements. The case was submitted to the court and resulted in a judgment for defendants.

*P. E. Peareson,* for appellants, that limitation will not vest title in an adverse occupant unless his possession extends to the land in conflict, cited: Peyton *v.* Barton, 53 Tex. 302; Bunton *v.* Cardwell, 53 Tex. 408; Evitts *v.* Roth, 61 Tex. 81; Frisby *v.* Withers, 61 Tex. 143, and authorities there cited.

That the constructive possession of the senior title overcomes that of the junior title, cited: Horton *v* Crawford, 10 Tex. 388, and cases there cited; Breckenridge *v.* Ormsby, 19 Am. Dec. 78; 1 J. J. Mar. 236; Evitts *v.* Roth, 61 Tex. 84; Clarke *v.* Courtney, 5 Peters, 354; Sedg. & Wait on Trial Title to land, sec. 770.

The following additional authorities upon limitation and conflict of surveys were cited: Ellicott *v.* Pearl, 10 Peters, 432; Hayes *v.* Barrera, 26 Tex. 81; Ballard *v.* Perry, 28 Tex. 347; Whitehead *v.* Foley, 28 Tex. 268; Charle *v.* Saffold, 13 Tex. 94; Jones *v.* Menard, 1 Tex., 771; Read *v.* Allen, 63 Tex. 158; Cunningham *v.* Fraudtzen, 26 Tex. 39.

*W. L. Davidson,* for appellees, cited: Parker *v.* Campbell, 21 Tex., 763; Burnett *v.* Henderson, 21 Tex. 588; Borden *v.* Houston, 2 Tex. 594; Kimbro *v.* Hamilton, 28 Tex. 580; Portis *v.* Hill, 30 Tex. 529; Bragg *v.* Lockhart, 11 Tex. 160; Footran *v.* Ellis, 58 Tex. 245; Coleman *v.* Smith, 55 Tex. 259; Hoxie *v.* Clay, 20 Tex. 586; George *v.* Thomas, 16 Tex. 89; Ballard *v.* Perry, 28 Tex. 347; Parker, *v.* Baines 59 Tex. 15; Nearhoff *v.* Addleman, 31 Pa. St. 279; Semple *v.* Cook, 50 Cal. 26; Argotsinger *v.* Vines, 82 N. Y. 308; Thompsom *v.* Burhous, 79 N. Y. 97; Wood on Limitation, secs. 261–267.

WILLIE, CHIEF JUSTICE.—The appellants claim title to the land in controversy, under a grant to Isaac W. Charles, made March 25, 1831; the appellees claim under a grant made to N. Brookshire, October 5, 1835. There is a partial conflict in the tracts of land located and surveyed by virtue of these grants, and the Charles, being the older, must prevail against the Brookshire title, unless those claiming under the latter can sustain their defences under the statute of limitation. It is clear from the record that possession under the Charles grant was never taken until the year 1842, and that Brookshire took possession of his land so soon as it was granted, and lived upon it continuously for eighteen years, until he died. Brookshire settled upon, and improved, that portion of his grant which did not conflict with the Charles survey, and never, at any time, had actual possession of any portion of the interference.

The first settlement upon the conflict under the Brookshire title took place in 1840. This settlement was under a deed to W. W.

Walker, made by Brookshire, for three hundred and twenty acres of the Brookshire grant.  It could not, therefore, inure to the benefit of any other portion of that grant, except such as was covered by the deed to Walker ; and, as the owners of the Charles title took possession in 1842, the adverse possession of Walker, or those claiming under him, was, after that date, confined to their actual enclosures, or improvements.  The same may be said in reference to other settlements made upon the conflict under the Brookshire grant, all of which were subsequent to 1842 ; for, it is well-settled law, that from and after the time when the owner of the elder grant enters into actual possession of his land, the adverse holding of those claiming any portion of it under a junior title, is limited to their actual possession, improvements or enclosures.  Evitts v. Roth, 61 Tex. 81 ; Whitehead v. Foley, 28 Tex. 289 ; Hunnicutt v Peyton, 12 Otto 333.

The record discloses that the defendants, Moore, McLeod, Cooper, Simonton, McNeal and Sheriff took actual possession of portions of the conflict, claiming under the Brookshire grant, subsequent to the possession of the Charles grant, pending which the defendants claim and held such possession for more than three years before the commencement of this suit.  The first five of these improved, each, ten acres, and Sheriff one acre of the land, lying in the interference.  The remainder of the defendants either did not settle upon the land in conflict, or settled there within less than three years before this action was brought.

The judgment below should therefore, in any event, have gone for each of the defendants named above, for the number of acres improved by him upon the conflict.  Whether they should have recovered more, or the defendants who had never settled upon or improved the disputed land, should have recovered at all, must depend upon the effect to be given to the original and continued possession of Brookshire, to whose rights all the defendants who recovered judgment below succeeded.  He and Walker, his vendee of three hundred and twenty acres of the tract, together, had been in actual possession of a portion of the Brookshire grant, lying outside of the interference, for about seven years, when the owners of the Charles grant first settled upon it.  The length of possession was sufficient to bar a recovery by those claiming under Charles.  The only question then is, was the character of the possession sufficient for that purpose ?

It is settled law that the older title draws to it the seisin of the entire tract covered by it.  Horton v. Crawford, 10 Tex. 388; Whitehead v. Foley, supra; Angell on Lim., sec 400.

Upon entry by one claiming under a different title the owner of the

older grant is dispossessed to the full extent of the boundaries called for in the title of the disseisor. Whitehead *v.* Foley, *supra*; Evitts *v.* Roth, *supra*; Cunningham *v.* Fraudtzen, 26 Tex. 38. But if such owner himself take actual possession of his land the seisin of the trespasser is limited to his actual enclosure and improvements from the date of the time of the owner's entry. Evitts *v.* Roth, *supra.*

The constructive possession of the claimant of the junior title is therefore wholly dependent upon his actual entry upon the land. When the latter has not taken place there is nothing to which constructive possession can attach, and the seisin of the true owner embraces the entire tract.

It matters not, therefore, what locations may be made upon the older grant, so long as there is no actual possession taken of any part of them, the constructive possession of the owner continues ; and, as there cannot be two seisins of the same land, the junior locations must yield to the prior grant. The owner of land is not bound to enter upon it for the purpose of protecting his title. So long as no trespasser invades his property, he may rest secure from danger of having any portion of it wrested from him by lapse of time. But, so soon as an adverse entry takes place, he is put upon notice that his rights are imperiled, and he must protect himself accordingly. He must inform himself of the limits of the trespasser's claim, and know that he will be deprived of his land to that extent, unless he take actual possession, or bring suit within the proper period of limitation. But, to give him such notice, there must be a trespass upon his property, and not a mere entry upon land of others, or of the opposing claimant, himself. It is necessary, to set the statute of limitations in motion, that the possession be actual, visible, notorious, distinct and hostile. Robinson *v.* Lake, 14 Iowa 424.

That possession cannot be of this character as against the true owner, which is not upon his land, but upon the premises of the opposing claimant. In such case, it is, in fact, as in appearance, the enjoyment of a right to which the latter is entitled by law, and should be construed as such, rather than as an attempt to encroach upon the rights of another. The settler upon land of his own is not a trespasser upon the land of his neighbor, and without a trespass there can be no disseisin of an older title. Our statutes require suit against parties claiming under title, or color of title, to be commenced within three years next after the cause of action shall have accrued. This can mean nothing else than the time when an actual entry upon the plaintiff's land shall have occurred. Suit may be commenced against one setting up an adverse claim to the land ; but the right of

action is never barred upon the lapse of the designated time, after the assertion of such claim, unless actual possession has accompanied it for that length of time. The law does not force the owner to move until he is warned by an encroachment upon his own land; he is not bound to take notice of what occurs upon adjoining tracts. He must know the extent and location of his own boundaries, or of any lines that may have been run, or improvements made within them, by a claimant under another title. He is not expected, nor even authorized, to search the premises of others, to find out where their lines are run, and whether or not their improvements are included within them. Brownson v. Scanlan, 59 Tex. 222.

These views lead us to the conclusion that Brookshire's actual possession of a portion of his grant, not in conflict with the Charles survey, could not avail those claiming under him to, sustain their plea of the statute of limitations.

This conclusion is in harmony with all the decisions upon the question to which we have had access, except the case of Jones v. Menard, 1 Tex 771. In that case, the ruling upon the question of limitation was not necessary to the decision of the cause. The authorities cited in support of the views of the eminent jurist who delivered the opinion, were the act of February 5, 1840, sec. 21; Ellicott v. Pearl, 10 Pet. 414; Clarke v. Courtney, 5 Pet. 319; Anderson v. Darby, 1 Nott and McCord, 371.

The statute referred to is admitted in the opinion to have been no more than what the law would have been had it not been passed, viz: That possession of part of a tract of land should not be construed as possession of the whole, when any actual adverse possession could be proved. Hence, the statute could have had no effect in bringing about the decision. It announces a principle universally held, and especially relied on in this opinion.

In the three cases cited there was actual possession under the junior grant of the land in conflict. Hence, any expressions, if there were any, contained in the opinion announcing that possession outside the conflict would satisfy the statute of limitations, would have been *obiter dictu.* But there are none. The courts, it is true, announce the universally received doctrine that actual possession of part gives constructive possession of all the land contained in the disseisor's muniment of title, when the holder of the older grant is not in actual possession; but this announcement must be taken in connection with *the facts of each* case under decision, in which the actual possession referred to was within the limits of the older grant. See also, Eifert v. Read, 1 Nott & McCord, 373.

In Ellicott v. Pearl, the defendant settled upon and enclosed land outside of the conflict, but his fences did not extend to the land within the older grant, though he claimed that by other acts of trespass he had taken actual possession within the limits of the latter. The court held that a fence was not indispensable to constitute possession, but that many other acts, such as entering upon land and making improvements thereon, making a crop, felling and selling trees, etc., are effective for that purpose. If, in the view of the court, the admitted actual possession outside of the interference was sufficient to give constructive possession within it, there was no necessity of devoting so much space, or any attention whatever, to the question as to improvements made by the defendant upon the demandant's land.

Ellicott v. Pearl, and Clarke v. Courtney's heirs, were Kentucky cases, and the decisions of that state were mainly referred to upon the question of possession as applied to the statute of limitations. These decisions, as well as others made by the courts of that state, hold, in effect, as said by Ch. J. Bozle, in Fox v. Hinton, 4 Bibb, 559, referred to in Ellicott v. Pearl: "If, indeed, the person making such entry had a right of entry as to part of the land, and not as to the residue, his entry upon that part to which he had right would not be construed to give him possession to that part to which he had no right. See also Trimble v. Smith, 4 Bibb, 257; Smith v. Mitchell, 1 Marsh. (Ky.) 270.

But we are not without knowledge of the views of the supreme court of the United States upon this question when directly presented to them for decision under our own statute, for they held, in White v. Burnly, 20 How. 225, that, in order that the statute of limitations shall begin to run, the defendant claiming under a younger title which conflicts with an older one, must have been in actual possession of the part which was overlapped by the older title.

We think, therefore, that, in so far as the case of Jones v. Menard decides to the contrary, it is unsupported by principle or authority, and we should not hesitate to overrule it, had that not been in effect done by the case of Peyton v. Barton, found in 53 Tex. 298. It is true, some distinction was attempted to be drawn in that case between it and the case of Jones v. Menard, but it is clear that if the latter can be sustained, the former cannot. Barton had undisputed actual possession of three hundred and twenty acres of land conveyed to him by the owner of the junior title, and his tract lapped over upon the older grant under which Peyton claimed; but his actual possession was upon that part of his land not in conflict with Peyton. The

question submitted to this court was precisely that before it in Jones
v. Menard, and it met with a decision directly contrary to what it had
then received, and in accordance with this opinion. That case was
subsequently confirmed by the decision in Bunton v. Cardwell, 53
Tex, 408, and has been referred to with approval in other cases de-
termined by this court: Evitts v. Roth, supra; Parker v. Baines, 59
Tex. 18.

We are, therefore, of the opinion that the court erred in holding, as
shown by its conclusions of law, that, "when there is only partial
" conflict of survey, the statute runs in favor of the adverse occupant
under the junior title, although his possession does not extend to
any part of the land in dispute, which is within the conflict."

For this error the judgment is reversed and will be rendered here
in favor of each of the appellees, Moore, McLeod, Cooper, Simonton,
McNeal and Sheriff, for the respective amounts in their actual
possession as heretofore stated, amounting in all to fifty-one acres,
and for the appellants for the remainder of the land claimed by them
in their petition, and for the costs of this court and the court below.

REVERSED AND RENDERED.

[Opinion delivered March 5, 1886.]