### R. W. TURNER v. W. M. MOORE ET AL.

#### No. 6958.

Limitation. —Where a tract of land is subdivided and sold to different parties a subsequent purchaser of the whole league entering under such deed can not claim by limitation those subdivisions upon which he has never entered. His adverse possession of other subdivisions will not extend to such as have not been invaded by his actual possession.

ERROR from Travis. Tried below before Hon. A. S. Walker.
The opinion states the case.

*Fred. Carleton*, for plaintiff in error.—The plaintiff in error, R. W. Turner, having shown by the evidence that he had recorded a deed from one George S. Turner to himself on the 28th of June, 1870, in the county records of Travis County, Texas, for the entire Joshua English league and labor of land, which deed described the said tract by metes and bounds, and included in its boundaries the tracts of land sued for in this cause, and that he had lived upon and cultivated a portion of said tract of land ever since the date of the record of said deed up to the filing of the petition in this cause, to-wit, the 14th day of September, 1886, and no evidence was offered that any of the plaintiffs were minors or married women, acquired a title by limitation of ten years for all of the said league and labor of land as against the plaintiffs, and judgment should have been rendered in favor of defendant for his costs, and that plaintiffs take nothing by their suit. Rev. Stats.,

art. 3195; Whitehead v. Foley, 28 Texas, 285; Cantegrel v. Von Lupin, 58 Texas, 570; Pearson v. Boyd, 62 Texas, 541; Parker v. Baines, 65 Texas, 605; Craig v. Cartwright, 65 Texas, 413.

*Walton, Hill & Walton,* for defendants in error.—Where a league of land is sold off in subdivisions limitation will not run in favor of subsequent claimant of the whole league to subdivisions on which he is not in possession and never has been. 13 Texas, 94; 1 Texas, 771; 11 Texas, 579; 23 Texas, 36; 27 Texas, 359; 56 Texas, 161; 55 Texas, 230; 59 Texas, 18; 61 Texas, 68.

TARLTON, JUDGE, *Section B.*—This is an action of trespass to try title brought by defendants in error against plaintiff in error in the District Court of Travis County by petition filed on September 14, 1886. The suit is to recover two tracts of land lying in Travis County and containing 833¼ acres, and a part of the Joshua English league and labor. The defendant pleaded not guilty and the statutes of limitation of five and ten years. From a judgment rendered on December 18, 1886, by the court, trying the case without a jury, the defendant against whom recovery was had for the land in controversy prosecutes this writ of error. The trial judge has filed no conclusions of law and fact. The record shows, however, that the plaintiffs in the court below are entitled to recover unless defeated by the pleas of limitation referred to. The assignments of error complain solely of the findings of the court with reference to these pleas. The tracts in controversy are described each by metes and bounds in the petition, the one as lying in the southeast the other in the southwest corner of the Joshua English survey. Prior to the year 1870 the original patentee divided the survey into subdivisions, which he sold to different persons, and which, with the locality of the improvements of the defendant, are indicated by the following diagram:

In 1853 the two subdivisions in controversy were sold by the owner to Matthew C. Moore, the ancestor of plaintiffs. It does not appear that the persons who bought the several subdivisions ever took possession. Defendant read in evidence a quitclaim deed from George S. Turner to himself, dated January 3, 1870, duly recorded June 28, 1870, and conveying the Joshua English league and labor, accurately describing it by metes and bounds. Of the land so conveyed to him defendant in turn conveyed an undivided one-sixth interest to Chandler, Turner, and Carleton by deed dated January 3, 1870, and recorded in 1883. It was proved by the defendant that he has lived upon the league and labor of land since 1859 and has claimed all of it since January, 1870, under the deed from George S. Turner to himself, having an improvement consisting of sixty acres of land under fence with house thereon in 1870, since which date he increased his improvement to ninety acres under fence. The inclosure is not on the particular portion of the league and labor sued for, and defendant has never been in actual possession of the land sued for. The defendant regularly paid all the taxes on 4428 acres for 1870 and up to and including the year 1874; for 1875 he paid on 4605 acres, and in years after that he paid on less than 4428 acres, but never less than 3700 acres.

The sole question for our determination in this case is one involving the correctness of the conclusion of the trial court adverse to the defense of limitation urged by defendant Turner. The basis in fact of this defense is the actual occupancy from the year 1870 to the year 1886 by defendant of about ninety acres of the Joshua English league and labor, coupled with a claim of title from that date to the entire league and labor, and with the registration in that year of a deed to him from one George S. Turner conveying by metes and bounds the entire survey, the land in controversy being a part of the original survey. The doctrine relied upon by defendant is that actual occupancy of a portion of a survey under the circumstances described is to be construed as an entry by the occupant upon the entire survey, which entry operates as a disseizin of the true owner to the extent of the boundaries set out in the deed, and that hence such occupancy for the statutory period will bar recovery by the owner. Cunningham v. Frandtzen, 26 Texas, 38; Evitts v. Roth, 61 Texas, 84; Cantegrel v. Von Lupin, 58 Texas, 570; Wood on Lim. of Actions, sec. 259. But we do not think the doctrine referred to is applicable to the facts of this case.

Before the execution to defendant of the deed referred to, or before the assertion or existence of any claim thereunder to any portion of the English league, the league had been subdivided by the original grantee and owner and the subdivisions sold to different persons. The land in controversy, consisting of two of the subdivisions in separate tracts, was sold in 1853 to Matthew C. Moore, the ancestor of plaintiff, and he became admittedly the owner in fee thereof. Neither he nor

the plaintiff at that time or subsequently took pedal possession of the land, but in law his title drew to it the legal seizin and possession, and this possession he and his heirs will be held to have retained until ousted by an actual possession in another under a claim of right. Horton v. Crawford, 10 Texas, 388; Whitehead v. Foley, 28 Texas, 289.

In the case of Peyton v. Barton, 53 Texas, 298, it was held that "where there is only a partial conflict of surveys the statute will not run in favor of an adverse occupant under the junior title if his actual possession does not extend to that part of the land in dispute which is within the conflict." This doctrine is reasserted in the cases of Bunton v. Cardwell, 53 Texas, 412; Parker v. Bains, 59 Texas, 18; and Parker v. Baines, 65 Texas, 611. Applying to the matter under consideration the reasoning of the court in the opinions referred to, we think it clear that the doctrine should be extended in its application to cases where, as in the present case, there is a conflict between a senior and a junior title, though such conflict does not arise out of the overlapping of a junior survey or location on an older one.

Of the subdivisions or tracts which are in controversy, and which were segregated as above shown from the remaining portion of the survey (held also in subdivisions by different owners), the defendant was never in possession. When in 1870 he obtained his deed to the English league and labor the land in controversy was held by Moore under a title older than that acquired by Turner and different from it. The difference in title would not have been greater if the land at the time of its acquisition in 1853 by Moore, being vacant, had been by him appropriated under valid location and Turner had afterward under a junior and partially conflicting grant covering the land in controversy, claimed it by deed without taking actual possession of the part within the conflict, though occupying the part without. The condition, while perhaps technically different, would be logically the same. In either case the title of Moore would be the senior title and would conflict with that of Turner. The extent of the conflict in this instance is fixed by the boundaries of the land included within the subdivisions owned by plaintiffs, and the conflict is the same in degree and effect as if it had arisen out of conflicting locations and surveys. We are of opinion, therefore, that the possession of Turner should be likened to that of the occupant of land covered by a junior grant partly in conflict with a senior location, the occupant not being in the actual possession of any portion of the land within the conflict; and we conclude that where, as in this case, a tract of land has been subdivided and the subdivisions conveyed by the true owner the statute of limitations can not be invoked by a subsequent claimant of the whole survey to subdivisions of which he is not and never has been in possession. A condition precedent to the operation of the statute of limitations is possession, "actual, visible, notorious, distinct, and hostile." In this case as

against the true owner no such possession was taken.   The actual occupancy of Turner, consisting of the fencing and cultivation of a few acres of the English league, remote and disconnected by intervening subdivisions from the tracts owned by Moore, should not have been construed by the latter as an attempt to encroach upon his land, but as being "in fact, as in appearance, the enjoyment of a right to which the opposing claimant was entitled by law."   Parker v. Baines, 65 Texas, 609.

We recommend that the judgment of the District Court be affirmed.

*Affirmed.*

Adopted May 26, 1891.