

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Elliott
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. 0-3263
Re: Does the tax lien held by
the state and county on a
house remain a lien against
the same when it is moved
from the lot upon which it
was assessed to another one
upon which all taxes have
been paid?

We are in receipt of your letter of March 10, 1941,
in which you request the opinion of this department on the
questions stated therein as follows:

"There are about ten years delinquent taxes
on a particular lot in the city of Breckenridge
which still remain delinquent and unpaid. Up
until last year this lot had about a $4000 house
on it, which of course was rendered in conjunction
with the lot and valued accordingly. Last year
this house was removed from said lot to another
lot in the city, leaving only the bare lot to
stand for the delinquent taxes.

"Query #1: Does the tax lien held by the
state and county carry over on this house to
the other lot, and can the house be subject to
the lien, or does the state forfeit its lien by
allowing the removal of said house from the lot
without doing anything?

"Query #2: The taxes being all paid on the
lot on which the house now stands, can the tax-
payer demand a tax certificate showing all taxes
paid?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. L. Elliott, page 2

"Query #3: In event, you rule that the state has forfeited its lien in the situation above, has the person removing said house committed any wrong for which he may be held liable, or did the states failure to act at the time completely exonerate him?

"I will state that in the above situation the same person still owns both lots and the house, and it is really a method to evade the payment of delinquent taxes on first lot . . . ."

In the first place there can be no question but that the taxes were properly assessed against the house and lot together as realty. Article 7146 of the Revised Civil Statutes of Texas, provides as follows:

"Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

A like definition of the term "real property" is contained in Article 7319 of the Revised Civil Statutes, which reads as follows:

"For the purpose of taxation, real property shall include all lands within this State, and all buildings and fixtures thereon and appertaining thereto, except such as are expressly exempted by law. Acts 1895, p. 50; Acts 1897, p. 132; G. L. vol. 10, pp. 780--1186."

In your fact situation you are apparently concerned with the question of whether or not the state and county lien against the house is lost when the same was severed from the lot on which it was located when taxes were assessed against it. We believe the answer to this question is controlled by Article 7172 of the Revised Civil Statutes, which reads as follows:

> "All taxes upon real property shall be a
> lien upon such property until the same shall
> have been paid. And should the assessor fail
> to assess any real estate for any one or more
> years, the lien shall be good for every year that
> he should fail to assess for; and he may, in
> listing property for taxes any year thereafter,
> assess all the back taxes due thereon, according
> to the provisions of this title."

Under the plain wording of the above quoted Article, all taxes upon real property (and the house in question was real property within the meaning of the tax statutes at the time the tax was assessed against it) are a lien against such property until the taxes have been paid. In the facts you submit the taxpayer is attempting to evade a foreclosure of the state's lien on the house in question by moving it to a lot upon which all taxes have been paid. We can find no authority to the effect that such a removal by the taxpayer for such purpose would in any way operate to extinguish the lien against said house. Specifically under Article 7172, supra, the lien against such house was created as of the time the tax was assessed and can only be extinguished by the taxes being paid. It is our opinion, therefore, that the state and county tax lien still remains against the house in question as well as upon the lot on which said house was located at the time the taxes were assessed against it.

You also inquire whether or not the tax collector may issue a certificate on the second lot on which all taxes have been paid and upon which the house is now located, stating such facts that all taxes have been paid. It is the settled law of this State that a house even though attached to a realty may be considered personal property for certain purposes. See the cases of Miller v. Himebaugh, 153 S. W. 338; Clayton v. Phillipp, 159 S. W. 117; and Edwards v. Phannisch, 254 S. W. 523. If the taxpayer has moved this house over to the second lot only as a temporary measure and has not affixed the same thereto with the intention that it become part of the realty as a fixture, then in such case the tax collector would be authorized to issue a tax certificate showing all taxes paid on such lot which certificate should however state on its face that it does not cover the house located on such lot. On the other hand, if the taxpayer has affixed the house to this second lot so that the same may not be severed it is the opinion of this department that he has thereby created a lien against such

second lot for the taxes which are due against the house. In the case of Miller v. Himebaugh, 153 S. W. 338, the court stated as follows:

> ". . . It is a general rule that fixtures, such as a house, become part of the realty upon which it is situated, and, as such, cannot be severed. There is nothing in the record which takes this case out of the rule. Had Miller been a bona fide purchaser, there could be no question but he would have held the house as part of the land, and appellee would have had to look to Reed personally for compensation. If the rules of equity have fastened a trust on the house which is part of the land upon which it is situated, then, as it cannot be severed therefrom, a court of equity, we think, will decree a lien on the land of which it is a part and direct a sale thereof in order to protect the interest of appellee. Atkinson v. Ward, 47 Ark. 533, 2 S. W. 77; Vivion v. Nicholson, 54 Tex. Civ. App. 43, 116 S. W. 388; Kennedy v. Baker, 59 Tex. 162; 3 Pomeroy's Eq. Juris. (3d Ed.) § 1051."

It is our opinion, if the house has been fixed to the land at the present time in such manner that the same cannot be removed, that the taxpayer, because of the circumstances of this case, has created a lien against such land upon which the house is now located and that both house and lot would be subject to foreclosure to satisfy the state and county tax lien.

We trust that the foregoing will be of sufficient information to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Billy Goldberg~~
Billy Goldberg
Assistant

BG:db

APPROVED MAR 29, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

