## M. W. LOWRY v. ELLA McDANIEL ET AL.

Decided January 7, 1910.

**1.—Title—Parol Sale—Stale Demand.**

A parol sale of land followed by payment of the purchase money and actual possession taken and valuable improvements made with the knowledge and consent of the vendor constitutes such title as will support an action of trespass to try title; against such title the defense of stale demand is not available.

**2.—Limitation—Junior Title—Possession.**

As against a prior conveyance the statutes of limitation will not run in favor of a subsequent purchaser when such subsequent purchaser has no actual possession of any part of the land embraced within the boundaries of the prior conveyance.

**3.—Subsequent Purchaser—Notice by Record.**

When a purchaser from an heir has notice through the recitals in a deed by the ancestor to a third party for a different tract of land, that the land he is about to buy from the heir had also been previously sold by the ancestor, such purchaser cannot claim to be an innocent purchaser although the latter sale by the ancestor was a verbal one and there was no deed on record.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*J. D. Martin,* for appellant.—The court erred in rendering judgment in favor of plaintiffs for the land in controversy, in that the testimony showed that plaintiffs were guilty of laches, and in that plaintiffs' title was a stale demand. Carlisle v. Hart, 27 Texas, 350; Montgomery v. Noyes, 73 Texas, 203; Walet v. Haskins, 68 Texas, 418; Reed v. West, 47 Texas, 240; Wichita Land Company v. Ward, 1 Texas Civ. App., 307.

Where a defendant has had peaceable and adverse possession for five years next before the institution of suit, cultivating, using and enjoying the same, and paying all taxes due thereon for the full period, and claiming under a deed duly registered, he has the legal title and should recover. Cantagrel v. Von Lupin, 58 Texas, 570; Flanagan v. Boggess, 46 Texas, 330; Tarlton v. Kirkpatrick, 1 Texas Civ. App., 107.

*Blain & Howth,* for appellees.—The right to assert an equitable title against the legal title is not dependent upon the date of the contract under which the equitable title is asserted, but upon the date of the repudiation thereof by the assertion of an adverse claim. Runge v. Schleicher, 21 S. W., 424; Robertson v. Du Bose, 76 Texas, 10; Reed v. West, 47 Texas, 240; McKin v. Williams, 48 Texas, 92; Hodges v. Johnson, 15 Texas, 574.

Where a portion of a tract of land has been sold by the owner, a subsequent claimant for the whole tract of land can not invoke the statute of limitations to the portion so conveyed of which he is not and never has been in actual possession. Parker v. Baines, 65 Texas, 609; Turner v. Moore, 81 Texas, 206; Beaumont Pasture Co. v. Polk, 55 S. W., 614.

PLEASANTS, CHIEF JUSTICE.—This was an action of trespass to try title brought by appellees, Ella McDaniel and Jonas McDaniel, against the appellant to recover the title and possession of a tract of two acres of land, a part of the A. Williams survey in Jefferson County. The defendant answered by a general demurrer, plea of not guilty, and pleas of limitation of three, five and ten years. The trial in the court below without a jury resulted in a judgment in favor of the plaintiffs for the tract of land claimed by them.

The facts disclosed by the record are as follows: Plaintiff Ella Mc-Daniel is the widow and plaintiff Jonas McDaniel is the son and sole heir of Doy McDaniel, deceased, who died in January, 1908. The land in controversy is a part of a tract of 100 acres formerly owned by Spencer Cole, deceased. In 1887 Doy McDaniel, who was then the husband of the plaintiff Ella McDaniel, purchased from Spencer Cole the two acres of land in controversy. This sale was verbal, but Mc-Daniel paid for the land and was placed in possession thereof by Cole and made valuable improvements thereon with the knowledge and consent of Cole, and the title to the land thereby became vested in said McDaniel. After his purchase McDaniel resided on the land with his wife until 1892, when he moved to an adjoining county where he resided for a number of years. He returned to the neighborhood of this land several years before the suit was brought, but he did not reside on the land after 1892 except for a brief period, the exact date of which is not shown. The two acres purchased from Cole by McDaniel was segregated and described at the time of the purchase, and in a subsequent deed executed by Spencer Cole to Reuben Benn the land conveyed to Benn is described as beginning "at the N. E. corner of a survey of two acres sold by me in a square out of the northwest corner of my tract to Doy McDaniel."

On January 18, 1902, appellant purchased from Jim Cole, the sole heir of Spencer Cole who died prior to said date, a tract of five acres of land which includes the two acres in controversy. This deed gives the outside boundaries of five acres thereby conveyed, but does not refer to the two acre subdivision thereof claimed by appellees. The deed from Spencer Cole to Benn, before mentioned, was on record at the time appellant bought the five acres from Jim Cole, and he testified that he saw and read this deed before he bought the land. His testimony as to this is as follows:

"I examined the records and found no deed to that tract (the two acres in controversy). I read all the deeds on record from Spencer Cole. I read the deed to Reuben Benn. I mean the deed to Reuben Benn that calls for the two acres of land."

Upon his purchase or a month or two thereafter, appellant went into possession of a portion of the five acres under his deed from Jim Cole, which was duly recorded, and has remained in continuous possession, paying all taxes thereon, up to the time of the trial. The suit was filed in February, 1908.

The actual possession and occupancy of appellant under his deed from Jim Cole has at no time extended to any part of the two acre tract in controversy, but has been restricted to other portions of the five acres conveyed by said deed.

The original Spencer Cole tract of land, of which the land in controversy is a part, is in shape of a parallelogram and the description of the two acres sold to Doy McDaniel as "two acres in a square out of the northwest corner" of said tract accurately identifies and describes said two acres.

Upon these facts, which are undisputed, no other judgment than one in favor of the plaintiffs could have been properly rendered, and

it would serve no useful purpose to discuss the several assignments of error in detail.

There is no merit in the contention that plaintiffs' suit was a stale demand at the time the suit was filed. The title acquired by Doy McDaniel under the parol sale was a perfect and superior title to the land and sufficient to sustain a claim of title in an action of trespass to try title, and it is well settled that against such a title, whether it should be technically regarded as an equitable or a legal title, the defense of stale demand is not available. (New York & Tex. Land Co. v Hyland, 8 Texas Civ. App., 601; Lumber Co. v. Penekhard, 4 Texas Civ. App., 671; Lochridge v. Corbett, 31 Texas Civ. App., 682; Betzer v. Goff, 35 Texas Civ. App., 408; Lyster v. Leighton, 36 Texas Civ. App., 62.)

The defense of limitation was not made out because the possession of the defendant did not extend to any part of the two acre tract in controversy, and said two acres having been segregated from the balance of the five acres claimed by defendant under his deed from Jim Cole long prior to the execution of said deed, possession of the remainder of the five acre tract by the defendant could not be extended by construction to the two acres in controversy. Turner v. Moore, 81 Texas, 206; Blaske v. Settegast (58 Texas Civ. App., 10.)

The contention that appellant was an innocent purchaser for value without notice of appellees' title is also without merit. Having been informed by the recitals in the deed from Spencer Cole to Benn, which he admits he read before he purchased the land from Jim Cole, that the land in controversy had been sold to McDaniel, he was put upon notice of appellees' title, or at all events he had notice of such facts as required a reasonably prudent person to make inquiry as to whether the land had been sold to McDaniel as recited in said deed, and it can not be doubted from the evidence that any reasonable inquiry on his part would have resulted in full knowledge by him of appellees' claim.

The judgment of the court below is affirmed.

*Affirmed.*