## POWELL LUMBER CO. v. DICKERSON et al.

### No. 14217.

United States Court of Appeals
Fifth Circuit.

April 3, 1953.

E. L. Reid, Clyde V. McKee, Jr., Orange, Tex., for appellant.

A. M. Huffman, Beaumont, Tex., W. P. Sexton, Orange, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Suing as owner of the record title, plaintiff below, appellant here, brought this suit to recover title to and possession of the 302 acre S. W. Turner tract out of the Richard Ballew League in Orange County, Texas.

Describing by metes and bounds the West 160 acres of that tract and alleging that they had been in peaceable and adverse possession of it for more than ten years in full accord with Article 5510, R.C.S. of Texas, defendants and cross-plaintiffs below, appellees here, asserted title by limitation to the 160 acres described and sought judgment for it.

A jury waived, and the cause tried to the court, there were findings of fact [1] and conclusions of law [2] in favor of, and a judgment for, defendants for the 160 acres described in their pleadings, and plaintiff has appealed.

Here insisting that the findings as to the true location of the Turner tract are clearly erroneous, appellant urges upon us that the judgment must be reversed and here rendered for it. In the alternative, it insists that if the location of the tract as determined by the district judge be accepted as correct, the encroachment was too small under the authorities [3] to support the limitation claim to 160 acres.

1. As material on this appeal, the findings of fact are: (1) a finding as to the location on the ground of the 302 acre tract plaintiff sues for; (2) a finding that plaintiff introduced in evidence a regular chain of title from the sovereignty of the soil down and into itself for said 302 acres tract of land; (3) a finding as to the location on the ground of the 160 acres claimed by defendants; (4) a finding that the defendants, R. A. Dickerson and wife, Cleora Dickerson have been in adverse possession of and lived upon, claimed, cultivated and used the described tract of 160 acres of land for more than ten years prior to the filing of this suit and that they are now living upon, claiming, using and cultivating the same adversely, and that the adverse claim of the defendants has at all times been to the boundaries of the 160 acres of land above described, and that their home and improvements have been within the boundary lines of said tract of land.

2. The conclusions are:
   (1) That the defendants, R. A. Dickerson and Cleora Dickerson, are entitled to recover from plaintiff, Powell Lumber Co., the title and possession of the above described 160 acres of land out of the West part of the R. S. Turner 302 acre tract of land under their plea of adverse possession and limitation contained in their cross-action.
   (2) Plaintiff, Powell Lumber Co., is entitled to recover from the defendants, R. A. Dickerson and Cleora Dickerson, all of that part of the R. S. Turner 302 acres tract of land as above described that is not included in or contained within the boundaries of the 160 acres tract as also above described.
   (3) That plaintiff, Powell Lumber Co., is not entitled to recover any amount whatever against the defendants by reason of timber cut and removed by them from the land and premises in controversy and that the injunction heretofore issued in this cause restraining defendants from cutting and removing such timber should be in all things dissolved.
   (4) That the parties, plaintiff and defendants, to this cause are each entitled to the possession of the particular land recovered by each of them respectively.

3. Bailey v. Kirby Lbr. Co., Tex.Civ.App., 195 S.W. 221; Holland v. Nance, 102 Tex. 177, 114 S.W. 346; Bender v. Brooks, 103 Tex. 329, 127 S.W. 168;

Appellees, on their part, pointing to the record with its array of opposed witnesses for plaintiff and defendant respectively and the contradictory testimony that array has produced, insists that the case was peculiarly one of fact[4] for the determination of the trial judge, and his findings as to the position on the ground of the Turner Survey may not be disturbed as clearly erroneous.

We agree with appellee. The question of the true location on the ground of the north line of the Turner tract was the storm center of the case. About it the entire controversy raged.

Appellant had the burden of establishing the lines of the Turner tract as claimed by it either as matter of law or to the satisfaction of the trial court. It did neither. It is undisputed that none of the witness trees called for in the original field notes of the Turner tract were found or located by anyone.

In these circumstances, appellant is in no position to insist that the district judge's findings as to the true location of the Turner north line were either erroneous as matter of law or as matter of fact. It will serve no useful purpose for us to set out the conflicting testimony, of which there was plenty, or to undertake to resolve for ourselves the question disputed and tried below. Upon the record in this case, the district judge's resolution of the conflicts in the evidence may not be disturbed by us.

We disagree also with appellant's second or alternative position that, accepting the district judge's finding as to the location of the Turner line, the judgment must be reversed because in conflict with the teachings of the cases appellant cites and relies on, note 3, supra.

Without elaborating the point, it is sufficient to say that in view of the findings of the district judge on the boundary issue tendered and as to the actual and notorious possession in connection with the improvements on that survey, these cases are without application here. Cf. Waddell v. Coleman, Tex.Civ.App., 248 S.W.2d 216, at pages 226–227, and the thorough and informative discussion of the general question by Justice Smedley of the Texas Supreme Court in Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, and by Justice Simpson in McCall v. Grogan-Cochran Lumber Co., 143 Tex. 490, 186 S.W.2d 677.

That the line of cases invoked does not apply is made quite clear by the open and notorious character of the possession evidenced by appellees' improvements and by the fact that the district judge, on evidence supporting his finding, not only found against plaintiff's contention as to the location of the line but also found that the defendants had taken and held peaceable, notorious and adverse possession as required by the statute of the 160 acres as described by them. McCall v. Grogan-Cochran Lbr. Co., supra.

The judgment is affirmed.

Turner v. Moore, 81 Tex. 206, 16 S.W. 729; Bracken v. Jones, 63 Tex. 184.

4. 11 C.J. page 728; 14 C.J.S., Chattel

Mortgages, § 409; Southern Pine Lbr. Co. v. Whiteman, Tex.Civ.App., 104 S.W. 2d 635; Houston Oil v. Choate, Tex.Civ. App., 215 S.W. 118.